HANNAH BUCKLEY'S (dependent's) CASE.

Suffolk.     March 19, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act.*

Although under the workmen's compensation act there can be no appeal from a finding of the Industrial Accident Board if there was any evidence to support it, yet, where all the evidence is reported, the question of law whether the evidence was sufficient to warrant the finding may be presented for decision by this court.

Upon the question of law, whether a finding made under the workmen's compensation act by the Industrial Accident Board, that a sister of a deceased employee was wholly dependent upon such employee for support, was warranted by the

evidence, all of which was reported, where the only doubt whether the finding was warranted was created by certain vague and unsatisfactory evidence in regard to the interest of the alleged dependent sister in a house in which these two sisters and a third sister lived together, from which the Industrial Accident Board well might have concluded that the interest of the alleged dependent sister in the house, even if it was a life estate, was of little if any value for use or sale and for that reason had practically no bearing on the question of her dependency, it was *held,* that it could not be said as matter of law that such a conclusion was erroneous.

HAMMOND, J.   This is an appeal by the insurer from a decree of the Superior Court made in accordance with a decision of the Industrial Accident Board acting under St. 1911, c. 751, commonly called the workmen's compensation act.   The only question raised here by the appellant is whether the evidence justified the finding of the board that Margaret Buckley, at the time of the injury to her sister, Hannah, the deceased employee, was wholly dependent upon her for support.

There is no appeal from the finding of the board upon a question of fact where there is any evidence to support it; but where, as here, the evidence is all reported, the question whether it is sufficient to warrant the finding is one of law and may be revised here.

The insurer contends that the finding that Margaret was wholly dependent upon Hannah is not justified by the evidence. We have examined the evidence and cannot say as matter of law that it does not justify the finding.   The only part of it that presents any difficulty is that part relating to Margaret's interest in the house in which she and her sisters lived.   Curiously enough, while the evidence as to the other circumstances of the family is stated with considerable detail in the body of the majority report of the committee on arbitration, upon which that report as well as the decision of the board is based, the matter of the ownership of the house is not mentioned either by the committee or by the board.   It appears only in the transcript of the evidence made for the insurer by the committee, of which transcript the board say that it "adds unnecessarily to the record, the material evidence being stated in the report of the committee . . . and the findings and decision of the . . . board."

It appears from this transcript that Margaret testified that the house "is owned by them [Margaret and Hannah]; that when the mother died, the house was passed down to her [Margaret], and

at her death it was to go to Hannah, and at Hannah's death it was to go to Hannah's dependents; that the house is worth about $2,000, including the land and barn." Helen, a sister, testified that "the furniture had always been in the house, but she thought that perhaps when the house was left to Margaret, . . . the furniture was also left; that many new things had been added to the house since her mother died."

This evidence was very vague and unsatisfactory. No documentary evidence was given so that it could be determined what was the precise nature of Margaret's interest; and, in view of her long continued illness and invalidism, it may be that no reliance was placed either by the committee or by the board upon her testimony in this respect. Moreover, her statement, if believed, showed at most only a life interest, and no light was thrown upon the condition of the property and the cost of keeping it up as a life tenant was bound to do. And further, it may have seemed to the board upon the evidence that Margaret was frail and liable at any time to die suddenly. It does not appear whether there was a mortgage upon the house. Indeed the whole evidence upon the subject seems, as above stated, to have been very unsatisfactory, and the board well may have concluded that Margaret's interest, even if it was a life estate, was of little if any value for use or for sale, and for that reason practically had no bearing upon the question of her dependency upon Hannah. It cannot be said as matter of law that such a conclusion was erroneous.

*Decree affirmed.*

The case was submitted on briefs.

*E. C. Stone,* for the insurer.

*D. D. Sullivan, J. V. Sullivan & John Wentworth,* for the dependent.