## William Riley's Case.

Suffolk.   March 26, 1917. — May 24, 1917.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Pierce, JJ.

*Workmen's Compensation Act*, Double compensation, Practice.

The negligence of a subscriber under the workmen's compensation act in furnishing for the use of its employees an elevator so thoroughly out of repair as to be unsafe and in permitting the use of this elevator when its superintendent considered that it was in a "dangerous condition" does not warrant a finding that an employee injured by the falling of this elevator when he was using it in the course of his employment was "injured by reason of the serious and wilful misconduct of a subscriber or of any person regularly entrusted with and exercising the powers of superintendence" within the meaning of St. 1911, c. 751, Part II, § 3, so as to entitle him to a double compensation.

In a claim under the workmen's compensation act in which an award has been made doubling the amount of compensation to be paid to the injured employee on the ground that he was injured by reason of the serious and wilful misconduct of his employer within the meaning of St. 1911, c. 751, Part II, § 3, if all the evidence is reported, it is a question of law whether a finding that the employer was guilty of serious and wilful misconduct was warranted by the evidence.

Where in such a case it was held that this finding was not warranted so that an award doubling the amount of the compensation to be paid to the injured employee was erroneous, but the award in all other respects was warranted by the evidence, it was *ordered* that the decree be modified by deducting the excess, leaving the award to stand as if the compensation had not been doubled.

Appeal to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board, awarding double compensation under St. 1911, c. 751, Part II, § 3, as amended by St. 1912, c. 571, § 1, to William Riley, an employee of the Home Soap Company, a corporation, who was injured on July 21, 1915, by the falling of an elevator which he was using in the course of his employment.

The case was heard by *Fox*, J. All of the material evidence before the arbitration committee was reported, and the substance of this evidence is described in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board. The insurer and the employer appealed.

St. 1911, c. 751, Part II, § 3, as amended by St. 1912, c. 571, § 1, is as follows: "If the employee is injured by reason of the

serious and wilful misconduct of a subscriber or of any person regularly entrusted with and exercising the powers of superintendence, the amounts of compensation hereinafter provided shall be doubled. In such case the subscriber shall repay to the association the extra compensation paid to the employee. If a claim is made under this section the subscriber shall be allowed to appear and defend against such claim only."

*G. C. Dickson*, for the insurer.

*T. H. Sullivan*, for the employer.

*J. H. Mathews*, for the employee, submitted a brief.

BRALEY, J. The subscriber and the insurer, having waived at the argument any irregularities as to the composition and membership of the arbitration committee, concede that the evidence amply warranted a finding that the employee's injuries arose out of and in the course of his employment, for which he was entitled to compensation for total incapacity during the period stated, based on one half of his average weekly wages, with an additional reasonable allowance for medical and hospital services rendered in the first two weeks following the injury. St. 1911, c. 751, Part II, §§ 1, 5, 9.

But independently of this concession they contend, that the evidence did not warrant doubling the amount, as provided in St. 1912, c. 571, § 1, under which the subscriber as well as the insurer is allowed to appear and defend "against such claim only."

The negligence of the subscriber in furnishing for the use of its employees an elevator so thoroughly out of repair as to be unsafe, and in permitting the use of the elevator which the board could find the superintendent considered was in a "dangerous condition," while abundantly shown by the evidence, *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580, 582, *Moylon* v. *D. S. McDonald Co.* 188 Mass. 499, does not rise to the degree of serious and wilful misconduct of a subscriber or of any person regularly entrusted with and exercising the powers of superintendence, for which under § 3 as amended, the injured employee shall be awarded double compensation. As said by Sheldon, J., "Serious and wilful misconduct is much more than mere negligence, or even than gross or culpable negligence. It involves conduct of a *quasi* criminal nature, the intentional doing of something either with

the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." *Burns's Case,* 218 Mass. 8, 10.

The inquiry ordinarily is a question of fact, yet, where as in the present case all the evidence is reported, whether it is sufficient to warrant such conclusion is a question of law. *Nickerson's Case,* 218 Mass. 158, 160. *Kallio v. Worcester Consolidated Street Railway,* 222 Mass. 121, 123, and cases cited. *Pigeon's Case,* 216 Mass. 51. *Diaz's Case,* 217 Mass. 36. *Buckley's Case,* 218 Mass. 354. *Comerford's Case,* 224 Mass. 571.

The result is that the award is erroneous in amount. It is not, however, necessary to reverse the decree, which in all other particulars is supported by the evidence and is in conformity with the statute. The requisite data for making the computations being stated fully in the record, the decree is to be modified by deducting the excess, leaving the award to stand as if the compensation had not been doubled, and when so modified it is affirmed. St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14. *McNicol's Case,* 215 Mass. 497, 502. *Pigeon's Case,* 216 Mass. 51, 54, 55.

*Ordered accordingly.*