FITZ HENRY BECKLES'S (dependent's) CASE.

Suffolk.  March 21, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act.  Evidence,* Before Industrial Accident Board.

In a claim under the workmen's compensation act it was found by the Industrial Accident Board, that a hydraulic elevator, in operating which the employee was killed, was at the time of the accident in a defective condition and had been so for a long time before and that the employer, although grossly negligent "in continuing to maintain and operate an elevator which experience should have told the employer could not be put into a perfectly safe condition by the ordinary repairs attempted and made," was not guilty of "serious and wilful misconduct" . within the meaning of St. 1911, c. 751, Part II, § 3, as amended by St. 1912, c. 571, § 1, so as to require the amount of compensation to be doubled, and it was *held* that this finding was not unwarranted as matter of law.

It here was *pointed out,* that in cases arising under the workmen's compensation act, although questions of evidence apparent on the record will be considered in accordance with general equity practice, errors in the admission or exclusion of evidence will not be made the ground for the reversal of a decree unless this is necessary to protect the substantial rights of the parties.  Citing *Pigeon's Case,* 216 Mass. 51, 55.

In the present case it was *held* that the substantial rights of the claimant were not affected by the exclusion by the Industrial Accident Board of evidence of the condition of the elevator about six months after the accident, the board having ·found that it was in a defective condition at the time of the accident and for a long time before.

It also was *held* for the same reason that the claimant was not harmed because certain evidence relating to the condition of the elevator after the accident, which was admitted *de bene* by the arbitration committee, afterwards was excluded by the committee.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation of $2 a week for five hundred weeks to or for the benefit of Jane Viola Beckles of Barbadoes, the partly dependent widow of Fitz Henry Beckles, who died from an injury received on January 14, 1915, in the course of and arising out of his employment when he was in the employ of the S. Vorenberg Company in Boston, and deciding that the injury of the employee was not due to the serious and wilful misconduct

of the employer or of any person regularly entrusted with and exercising the powers of superintendence.

The case was heard by *Wait*, J. The material facts are stated in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board. Both the claimant and the insurer appealed.

*A. F. Flint*, for the dependent widow.

*G. Gleason*, for the insurer, was not called upon.

CROSBY, J. This is a proceeding under the workmen's compensation act. The employee was killed on January 14, 1915, while operating an elevator. Aside from the exclusion by the Industrial Accident Board of certain evidence offered by the claimant, the question presented is, whether the finding of the board that the injury was not due to the serious and wilful misconduct of the employer was wholly unwarranted. St. 1911, c. 751, Part II, § 3 as amended by St. 1912, c. 571, § 1.

If the finding as made was not warranted, the claimant is entitled to have the compensation doubled in accordance with the statute. Upon this branch of the case the board found, that "the injury was not due to the serious and wilful misconduct of the employee, and that it was not due to the serious and wilful misconduct of the employer or of any person regularly entrusted with and exercising the powers of superintendence; that the immediate cause of the injury and death of the employee was his own grossly negligent act, which act was not necessitated by any emergency, and that the contributing cause was the gross negligence of the employer in continuing to maintain and operate an elevator which experience should have told the employer could not be put into perfectly safe condition by the ordinary repairs attempted and made."

The words "serious and wilful misconduct" of a subscriber, as used in the act, have been interpreted by this court as meaning something more than mere negligence or even gross or culpable negligence: they are defined as involving "conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." *Burns's Case*, 218 Mass. 8, 10. The Industrial Accident Board found that the elevator at the time of the accident and for a long

time before had been in a defective condition; that it had a tendency to creep, which was common to hydraulic elevators of that type; and that the employer frequently had caused repairs to be made upon it.

Upon the evidence presented, the finding of the board was not unwarranted as matter of law that the conduct of the subscriber in permitting the elevator to be maintained and operated in the condition in which it was at the time of the accident was not "serious and wilful." The finding that the subscriber was grossly negligent falls short of a finding that he was guilty of serious and wilful misconduct. *Riley's Case,* 227 Mass. 55. *Freeman v. United Fruit Co.* 223 Mass. 300, 302. *Burns's Case, supra,* and cases cited. *Nickerson's Case,* 218 Mass. 158, 160. *Johnson v. Marshall Sons & Co. Ltd.* [1906] A. C. 409, 411.

The remaining questions relate to certain exceptions taken by the claimant to the exclusion of evidence by the arbitration committee. Although questions of evidence apparent on the record will be considered in accordance with general equity practice, errors in the admission or exclusion of evidence will not be made the ground for the reversal of a decree, unless this is necessary to protect the substantial rights of the parties. *Pigeon's Case,* 216 Mass. 51, 55.

The evidence offered by the claimant that from the date of the accident to a date after July 13, 1915, there was no material change in the condition of the elevator; that "on April 1, 1915, . . . [one Malone, an elevator inspector,] made a complaint to the building department as to the condition of this elevator and its equipment and ordered radical changes to be made therein which would necessitate a thorough examination of the machinery and the repacking of the cylinder and valve;" "that on June 30, 1915, . . . [he] ordered the elevator shut down until it was put in a safe condition, . . . [and] that the changes and repairs which he ordered made were unreasonably delayed and were not completed until Oct. 6, 1915," was rightly excluded. Evidence of the condition of the elevator after the accident or orders respecting it or repairs thereafter made was incompetent, except so far as it tended to show its condition at the time of the accident. If any of the evidence offered was admissible for that purpose, it is plain that the substantial rights of the claimant were not affected by its exclusion, as the board found that it was in a defective condition

at the time of the accident and for a long time before; nor was the claimant harmed because certain evidence relating to the condition of the elevator after the accident admitted *de bene* by the arbitration committee afterwards was excluded by the committee.

We do not perceive any error of law in the admission or exclusion of evidence or in the finding made by the board. The decree of the Superior Court is to be affirmed.

*So ordered.*