EDWARD G. MALLORY's (dependent's) CASE.

Worcester.   September 30, 1918. — October 18, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Waiver by insurer of objection to notice for insufficiency, Cause of death. *Proximate Cause.*

In a claim under the workmen's compensation act, where it appears that a notice in writing of the injury was given to the insurer within the time required by the statute, in which the only possible inaccuracy was in stating the date of the injury to have been one day later than it was, and that at the hearing before the Industrial Accident Board the counsel for the insurer stated that "he did not wish to raise any question as to the giving of the notice of the injury," and the insurer did not object that the notice was insufficient until the case was before this court on appeal, it was *held* that it was unnecessary to consider the question of the alleged insufficiency of the notice, because this was not open to the insurer.

In a claim of a dependent widow under the workmen's compensation act, it appeared that the deceased employee in the course of his employment dropped a plank on the great toe of his left foot, injuring the toe severely, and that three or four days later he died at a hospital of septicemia. It appeared that the autopsy revealed a septic condition of the left knee with general septicemia and also disclosed that the knee joint was the primary seat of the infection. There was medical testimony by members of the hospital staff, which, if accepted as conclusive, showed that the employee's condition did not arise from his injury but was attributable solely to the general septicemia in his system. But the testimony of the dependent widow and of the physician who attended the employee and arranged for his admission to the hospital warranted a finding that the blow from the plank would be sufficient to cause the septic condition which followed it and resulted in his death. The Industrial Accident Board awarded compensation and their award was confirmed by a decree of the Superior Court and, on appeal, it was *held* that this court could not say as matter of law that the finding of fact was wrong.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board awarding compensation to Mary A. Mallory, as the dependent widow of Edward G. Mallory, late of Worcester, an employee of the J. W. Bishop Company, a cor-

poration conducting the business of a contractor and builder in Worcester, who received on April 17 or 18, 1917, the injury to his great toe described in the opinion, which was alleged to have caused his death from septicemia on April 21, 1917.

The case was heard by *Aiken,* C. J. The evidence reported by the Industrial Accident Board is described in the opinion. The report stated that the insurer asked the board to make the following rulings:

"1. There is no evidence from which the board can find that there was any injury suffered by the deceased in the course of the deceased's work for the J. W. Bishop Company.

"2. There is no evidence from which the board can find that there was any injury suffered by the deceased arising out of the work for the J. W. Bishop Company.

"3. On all the evidence the finding of the board must be that no payments are due the alleged dependent."

The board refused to make any of these rulings.

The Chief Justice made a decree, in accordance with the decision of the Industrial Accident Board, "that the deceased employee, Edward G. Mallory, received a personal injury which arose out of and in the course of his employment, on April 17, 1917, that as a result of conditions due to the said injury of April 17, the employee died on April 21, 1917; that the claimant, Mary A. Mallory, widow of the employee, lived with him at the time of his injury and death and that the said Mary A. Mallory is entitled to the weekly compensation of $10 from the insurer for a period of four hundred weeks from April 17, 1917." The insurer appealed.

*C. C. Milton,* for the insurer.

*F. B. Hall & J. H. Mathews,* for the dependent widow, submitted a brief.

BRALEY, J. It is urged that the claim for compensation should be disallowed because it does not appear from the record that any notice of the injury had been given as required by St. 1911, c. 751, Part II, §§ 15, 16. But it appears that a notice in writing as required by the statute was actually given to the insurer, the only possible error in which was that the date of the accident was given as April 18 instead of April 17, and it is unnecessary to consider the effect, if any, of any question of variance, for, the counsel for the insurer having expressly stated before the Industrial Ac-

cident Board that "he did not wish to raise any question as to the giving of the notice of the injury," it cannot when defeated contend for the first time in this court on appeal that the notice was insufficient. *Cleveland* v. *Welsh,* 4 Mass. 591. *Brown* v. *Webber,* 6 Cush. 560, 563. *Dole* v. *Boutwell,* 1 Allen, 286, 287. *Oulighan* v. *Butler,* 189 Mass. 287.

The argument for reversal on the merits is, that there was no evidence warranting a finding that the deceased employee received an injury in the course of or arising out of his employment and that, the finding of the board having been based on mere conjecture, the decree awarding compensation to the widow must be reversed. We are not concerned with the weight of evidence or the credibility of witnesses, and the findings of fact in the report of the single member of the board which were affirmed and adopted on review must stand unless plainly unwarranted. *Herrick's Case,* 217 Mass. 111. . The uncontroverted evidence recited in the report shows that the employee, a stock cutter, while carrying a plank from a pile of lumber in the mill yard to the saw where he worked dropped the plank on his foot, and on his own statements, which were admissible, and the evidence of his wife and of the physician who attended him before his removal to the hospital, it properly could be found that the blow injured the big toe of his left foot causing a ragged cut extending perhaps three quarters of an inch across the base of the nail from which blood oozed.

But, if the finding that the injury arose out of and in the course of his employment is amply sustained, the further finding is, that the employee died of septicemia, or blood poisoning. It is upon this finding that the principal contention of the insurer rests, that the injury described was not the cause of the employee's death. It was said in *Madden's Case,* 222 Mass. 487, 495, "The substantial question is whether the diseased condition was the cause, or whether the employment was a proximate contributing cause." The narration of his objective symptoms as given by his wife after he returned home on the day of the accident is, that both the toe and foot were swollen and "turned a purplish red" and the next day "the foot was puffed up; the toe, the foot and leg were puffed up to about the knee. It looked as if it were burst open. . . . It was a dark color, a reddish purple, dark red." The physician who attended him and

arranged for his admission to the hospital where he died three or four days after the injury substantially corroborated the evidence of the widow. It is argued that his injuries were insufficient to cause septicemia in so brief a period, and the autopsy revealed a septic condition of the left knee with general septicemia. It also disclosed that the knee joint which was found to be infiltrated with from three to four ounces of thin pus was the primary seat of the infection. If in connection with these apparently undisputed facts the question of the cause of death rested solely on the medical evidence of the hospital staff, the employee's condition did not arise from the injury, as he was then suffering from septic arthritis which had developed general septicemia in his system to which his death was solely attributable. The widow and claimant, however, was not conclusively bound by the evidence introduced by the insurer and, having presented evidence which warranted a finding that the blow from the plank would be sufficient to cause the septic conditions previously described and which caused his death, we cannot say as matter of law that the conclusion was wrong. *Crowley's Case,* 223 Mass. 288, 289. *Madden's Case,* 222 Mass. 487.

The rulings requested by the insurer were refused rightly and the decree should be affirmed.

*Ordered accordingly.*