FREDERICK SCIOLA'S CASE.

Berkshire. September 23, 1920. — October 28, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Procedure: appeal to Superior Court, appeal to Supreme Judicial Court; Evidence. *Evidence*, Judicial notice.

Under St. 1911, c. 751, Part III, § 11, as amended by Sts. 1912, c. 571, § 14; 1917, c. 297, § 7, while it is a condition precedent to the jurisdiction of the Superior Court to enter a decree upon a decision of the Industrial Accident Board that copies of the order or decision of that board shall have been filed in the Superior Court and that such copies shall be certified, such copies need not be filed within ten days after the decision of the board unless it is desired to appeal from the decree of the Superior Court to be entered thereon.

The Superior Court has no jurisdiction to enter a decree in such a proceeding if the copies of the proceedings filed with it are not certified.

At a hearing by the Industrial Accident Board of the question, whether injuries received by an employee, who was a claimant in proceedings under the workmen's compensation act, were caused by the serious and wilful misconduct of the employer so that the claim came under the provisions of St. 1911, c. 751, Part II, § 3, the board can take judicial notice of general safety rules and regulations and

machinery standards established by the State board of labor and industries under St. 1913, c. 813, as amended by St. 1916, c. 308.

A failure by an employer to install a safety device upon a machine as required by the general safety rules and regulations and machinery standards of the State board of labor and industries, adopted under the authority of St. 1913, c. 813, if it results in injury to an employee, does not as a matter of law constitute "the serious and wilful misconduct" on the employer's part referred to in St. 1911, c. 751, Part II, § 3.

While, ordinarily, the remanding by the Superior Court of a claim under the workmen's compensation act to the Industrial Accident Board for further hearing is within the discretionary power of the court, a decree so remanding a case may be reviewed and should be reversed if its sole purpose is to direct the board's attention to matters of fact which the board already has fully considered or to require a reconsideration of rulings of law which were correct.

The insurer in proceedings under the workmen's compensation act has a right to appeal from an interlocutory decree of the Superior Court remanding the claim to the Industrial Accident Board for further hearing upon certain evidence specified in the decree, where it appears that the certified copies, required by St. 1911, c. 751, Part III, § 11, as amended by Sts. 1912, c. 571, § 14; 1917, c. 297, § 7, as a basis for a decree of the Superior Court, were filed in the Superior Court more than ten days after notice of the decision of the Industrial Accident Board, and that consequently there could be no appeal from a final decree to be entered in the matter by the Superior Court.

CERTIFICATION, filed in the Superior Court in proceedings under the workmen's compensation act, of a decision of the Industrial Accident Board that the evidence did not warrant a finding under St. 1911, c. 751, Part II, § 3, that the injury received by the claimant was due to serious and wilful misconduct on the part of the employer or of any one exercising superintendency.

It appeared that the claimant's finger was cut off while he was working on a carding machine which, in violation of the safety rules and regulations and machinery standards of the State board of labor and industries, adopted under the authority of St. 1913, c. 813, was not protected by a safety guard. The employee asked the board to rule as follows:

"1. The employer was subject to the provisions of St. 1913, c. 813, and amendments thereto.

"2. The employer was subject to the safety rules and regulations and machinery standards of the State board of labor and industries as contained in Industrial Bulletin No. 9 and which were adopted by said board on March 20, 1917.

"3. If the employer failed to install a safety device as described in Division J. of the 'Safety Rules and Regulations and Machinery

Standards' of the board of labor and industries and such failure resulted in the claimant's injury, then the employer was guilty of 'serious and wilful misconduct' as defined in the workmen's compensation act.

"4. If the employer failed to install a safety device as described in Division J. of the 'Safety Rules and Regulations and Machinery Standards' of the board of labor and industries and such violation was contrary to St. 1913, c. 813, and if such omission resulted in the claimant's injury, then the employer was guilty of 'serious and wilful misconduct' as defined in the workmen's compensation act.

"5. If the employer failed to conform to the rules and regulations of the State board of labor and industries as required by St. 1913, c. 813, and continued to employ the claimant to operate a machine for more than a year, which machine was not fitted with the safety devices required by the safety rules and regulations of the board of labor and industries, and under the direction of a superintendent who knew that an employee had injured his hand upon a similar machine during the first part of the year, such conduct on the part of the employer is of a criminal nature and is the intentional doing of something with the knowledge that it is likely to result in serious injury to the employee."

The board granted the first and second requests for rulings and refused the others.

Proceedings in the Superior Court are described in the opinion. The case is before this court solely upon an appeal from an interlocutory decree of the Superior Court remanding the case "to the Industrial Accident Board for further hearing in order that the general safety rules and regulations and machinery standards established by the State board of labor and industries may be received in evidence and considered upon the issue as to whether the injury sustained by the employee was due to serious and wilful misconduct on the part of the subscriber."

St. 1911, c. 751, Part III, § 11, as amended by Sts. 1912, c. 571, § 14; 1917, c. 297, § 7, reads as follows: "Section 11. Any party in interest may present certified copies of an order or decision of the board, a decision of a member from which no claim for review has been filed within the time allowed therefor, or a memorandum of agreement approved by the board, and all papers in connection therewith, to the Superior Court for the county in which the injury

occurred or for the county of Suffolk, whereupon said court shall render a decree in accordance therewith and notify the parties. Such decree shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact, or where the decree is based upon a decision of a member or a memorandum of agreement, and that there shall be no appeal from a decree based upon an order or decision of the board which has not been presented to the court within ten days after the notice of the filing thereof by the board. Upon the presentation to it of a certified copy of a decision of the Industrial Accident Board ending, diminishing or increasing a weekly payment under the provisions of Part III, section twelve, the court shall revoke or modify the decree to conform to such decision."

The case was submitted on briefs.

*G. Gleason,* for the employer.

*R. M. Stevens,* for the employee.

JENNEY, J. Frederick Sciola, while in the employ of the W. E. Tillotson Manufacturing Company, on May 24, 1918, received an injury in the course of his employment. It is agreed that he was entitled to compensation under the provisions of the workmen's compensation act. On October 31, 1918, a member of the Industrial Accident Board after due hearing so found. There was no finding that the injury was caused by the serious and wilful misconduct of the employer. A claim of review having been filed, the Industrial Accident Board on November 23, 1918, affirmed and adopted the decision of the single member. The only issuable question, as clearly appears from that decision, was whether the injury had been caused by the serious and wilful misconduct of the employer. On November 30, 1918, the employee filed in the Superior Court uncertified copies of the decision of the board and all papers in connection therewith, and on September 3, 1919, a decree was entered in that court reciting that the injury was due to the serious and wilful misconduct of the employer and ordering the payment of double damages. It did not appear whether the filing of uncertified copies was intentional or was due to inadvertence or mistake. On September 16, 1919, the employer and the insurer appealed from said decree, and on September 19, 1919,

they moved that it be vacated for the following reasons: (1) that the evidence presented did not warrant a decree that the injury received was due to serious and wilful misconduct for which the employer was responsible; (2) that neither the insurer nor the employer had sufficient notice of the hearing on the motion for the issuance of said decree and no opportunity to be present at the hearing thereon; and (3) that no certified copy of the decision of the Industrial Accident Board was filed in the Superior Court as required by law.

On October 2, 1919, a decree was entered vacating the decree of September 3 for the reason stated, that' "no certified copy of the decision of the single member of the Industrial Accident Board or no certified copy of the decision of the Industrial Accident Board was presented to the court as required by law." No appeal was taken from this decree, and all parties have since proceeded on the basis that the decree ordering the payment of compensation was no longer in force.

On October 1, 1919, duly certified copies of the proceedings before the Industrial Accident Board and of its decision were entered in the Superior Court, but were not so entered under any order of the court permitting them to be filed *nunc pro tunc* or in amendment of the papers previously presented, assuming that such order could properly have been made. See *Perkins* v. *Perkins*, 225 Mass. 392.

The workmen's compensation act (St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and by St. 1917, c. 297, § 7) provides that "Any party in interest may present certified copies of an order or decision" of the Industrial Accident Board and "all papers in connection therewith, to the Superior Court," whereupon "said court shall render a decree in accordance therewith." No appeal is permitted upon questions of fact or from a decree "based upon an order or decision of the board which has not been presented to the court within ten days after the notice of the filing thereof by the board." The filing in court of the required papers as a part of its records is a compliance with the statute. *McPhee's Case*, 222 Mass. 1. It is clear that the filing of the certified copy of the decision within ten days is not a condition to the acquirement of jurisdiction, but that the limitation of time relates only to cases where the parties may desire to appeal

generally from the decree of the Superior Court. In many instances the required papers are never filed in the Superior Court and consequently no decree is entered in that tribunal, because the decision of the Industrial Accident Board is generally complied with without any decree of an appellate tribunal. However, such a necessity may arise even after a considerable time has elapsed; and there is no limitation as to the time of presentation, but merely the express provision that there shall be no appeal if the required papers are not presented within ten days. In such case it is the duty of the Superior Court to enforce the award of the board, unless there is legal reason to the contrary. *Young* v. *Duncan*, 218 Mass. 346. *Hunnewell's Case*, 220 Mass. 351, 353. *Brown's Case*, 228 Mass. 31. *Dempsey's Case*, 230 Mass. 583, 587. Although no appeal lies, "In cases of errors of law apparent on the face of the record, they may be corrected by certiorari, or perhaps by some other appropriate remedy." *Young* v. *Duncan, supra*, at page 354. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542.

The statutory requirement as to the presentation of certified copies is a condition precedent to the jurisdiction of the Superior Court.

As was said in *Commonwealth* v. *Dunham*, 22 Pick. 11, 17, the right of appeal is conditional and depends "upon a compliance with conditions requisite to a due administration of the law, and necessary to prevent disorder and an evasion of justice." Where such conditions have not been complied with, the "claim of an appeal . . . [is] inoperative and void." The clear words of the statute require the submission of copies which bear the requisite evidence of authenticity. *Tibbetts* v. *Handy*, 145 Mass. 537. *McPhee's Case, supra*. *Humphrey's Case*, 226 Mass. 143. It has been held that full compliance with the conditions of the statute is an essential prerequisite "to the jurisdiction" of the Industrial Accident Board and that "its authority and the statutory limitation upon the exercise of it cannot be enlarged, diminished or destroyed by express consent or waived by acts of estoppel." *Levangie's Case*, 228 Mass. 213, 217. Like limitations prevail upon the jurisdiction of the Superior Court on appeal. *Sterling's Case*, 233 Mass. 485. See also *Martin's Case*, 231 Mass. 402; *Littlejohn* v. *Littlejohn, ante*, 326.

It follows that the Superior Court was without jurisdiction to enter the decree of September 3, and that said decree was of no effect. Because of its invalidity, no appeal could be taken therefrom. While it was decided in *Sterling's Case, supra,* that petitions and motions to vacate a void decree were denied rightly for procedural reasons, the court is not bound to give any effect to a decree entered wholly without jurisdiction. *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549. *Eaton* v. *Eaton,* 233 Mass. 351, 364.

On April 15, 1920, an interlocutory decree was entered remanding the case to the Industrial Accident Board for further hearing, in order that the general safety rules and regulations and machinery standards established by the State board of labor and industries, hereinafter referred to as the rules, might be received in evidence and considered upon the issue of whether the injury sustained by the employee was due to serious and wilful misconduct on the part of the subscriber.

The employer's appeal from this decree is now presented for decision. The questions to be decided are: (1) whether the trial judge had the right to make this order; and (2) whether the appeal is properly before this court.

When the proper papers had been entered, although more than ten days from the filing of the decision of the Industrial Accident Board had elapsed, the case was properly before the Superior Court for such action as the statute permitted. No authority, however, existed to review or to disturb the findings of fact made by the board if they were founded on warrantable evidence. *Pigeon's Case,* 216 Mass. 51. *Gorski's Case,* 227 Mass. 456. *Fitzgibbon's Case,* 230 Mass. 473. *Moran's Case,* 230 Mass. 500. *Mallory's Case,* 231 Mass. 225. *McCarthy's Case,* 231 Mass. 259. Error in the admission or exclusion of evidence is not ground for reversal unless necessary to protect substantial rights. *Beckles's Case,* 230 Mass. 272. A like result must follow where there has been failure to offer evidence. See *Fierro's Case,* 223 Mass. 378, 382; *Gorski's Case, supra.*

By St. 1913, c. 813, as amended by St. 1916, c. 308, the State board of labor and industries was instructed to investigate employments and places of employment, to determine what suitable safety devices and other reasonable means and requirements for

the prevention of accidents should be adopted, and to make "reasonable rules, regulations and orders for the prevention of accidents." The statute further provides that a violation of "any reasonable rule, regulation, order or requirement" so made shall be punished by a fine of not more than $100 for each offence. No question can be made as to the right of the Legislature to delegate its powers by authorizing the making of such rules. *Commonwealth* v. *Slocum*, 230 Mass. 180, 190, and cases there collected.

The Industrial Accident Board could take judicial notice of these rules. *Carroll's Case*, 225 Mass. 203. *Walsh's Case*, 227 Mass. 341. *Caha* v. *United States*, 152 U. S. 211, 221. *Cosmos Exploration Co.* v. *Gray Eagle Oil Co.* 190 U. S. 301. *Low* v. *Hanson*, 72 Maine, 104. *State* v. *Southern Railway*, 141 N. C. 846. *Smith* v. *Shakopee*, 44 C. C. A. 1. *Bruce* v. *United States*, 120 C. C. A. 370. It appears that their effect was actually considered by the board, for, at the request of the employee, it ruled that the employer was subject to the provisions of the statute under which they were made and to the rules themselves, and refused to rule as requested that, as matter of law, the failure to install safety devices as described in division "J" thereof constituted serious and wilful misconduct as defined by the statute, if such omission resulted in injury. Whether an injury was caused by serious and wilful misconduct frequently is a question of fact. The board, having already considered these rules, ought not to have been ordered to reconsider their decision so far as it was one of fact. If the action of the board be regarded as a ruling of law, it was correct. Upon the evidence the employee was not entitled to double damages within the rule laid down in *Burns's Case*, 218 Mass. 8; *Riley's Case*, 227 Mass. 55; and *Beckles's Case, supra;* and the rulings of the board were correct.

It has been held that where justice requires it, a broad power exists to recommit to the Industrial Accident Board. Recommittal has been ordered for the purpose of correction and amplification of the record where it was incomplete, *Doherty's Case*, 222 Mass. 98, *Brown's Case, supra;* for the introduction of further evidence when it did not appear that any evidence had been offered on a material question and where no finding had been made with reference to that question, *Fierro's Case, supra, Carroll's Case,*

*supra;* and where it appeared that the case had not been fully heard on an important issue, *Comerford's Case,* 224 Mass. 571.

While ordinarily the recommittal of a case to the Industrial Accident Board for further hearing is within the discretion of the trial judge, where it appears that the action was taken solely for the purpose of directing a reconsideration of correct rulings of law or of findings of fact based on due consideration of all questions of law or evidence, the action of the judge may be reviewed.

It is contended, however, that the decree of recommittal should not now be considered, because it relates solely to an interlocutory matter which should not be decided before the entry of a final decree. *Keohane's Case,* 232 Mass. 487. *Gould's Case,* 215 Mass. 480, 483. But as was said in *Keohane's Case,* the final decree contemplated is one from which an appeal will lie. The practice follows that in equity, and unless otherwise provided, an appeal lies from both interlocutory and final decrees. *Gould's Case, supra. Keohane's Case, supra.* R. L. c. 159, §§ 19, 25. St. 1911, c. 284, § 1. Where the statute provides that there can be no appeal from a final decree, we are of opinion that to prevent error there may be an appeal from an interlocutory decree, at least where the appeal brings up questions of law not involving the final disposition of the case. The rule that an appeal from an interlocutory decree will not be considered before the entry of a final decree does not preclude the consideration of such an appeal where no appeal lies from a final decree. The decree of recommittal must be reversed.

*So ordered.*