## EDMUND Q. DURGIN'S CASE.

Suffolk.   January 19, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Double compensation. *Agency*, Scope of authority. *Wanton and Reckless Misconduct.*

Upon the evidence at the hearing of a claim under the provisions of the workmen's compensation act by an employee of a bakery company for double compensation for injuries received in a collision between a motor vehicle and a truck upon which he was riding with a "route foreman" of his employer, returning from a tour of inspection, it was *held*, that

(1) A finding of serious and wilful misconduct on the part of the "route foreman" would not have been warranted;

(2) A finding by a single member of the Industrial Accident Board and by the board on review, that the "route foreman" was not regularly

entrusted with and exercising powers of superintendence at the time of the accident, was fully justified;

(3) The claim for double compensation properly was dismissed. Negligence and the serious and wilful misconduct described in G. L. c. 152, § 28, are entirely different in kind.  Per CROSBY, J.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board, finding that an injury to the claimant for which he was being paid compensation "was not occasioned by the serious and wilful misconduct of the subscriber or of any person intrusted with and exercising powers of superintendence on his behalf," and dismissing a claim for double compensation.

Material facts shown by the record are described in the opinion.

In the Superior Court, the case was heard by *O'Connell*, J., and a decree was entered in accordance with the decision of the Industrial Accident Board.  The claimant appealed.

*J. K. Berry*, for the employee.

*L. H. Peters & J. H. Baldwin*, for the insurer, were not called on.

CROSBY, J.  This is a proceeding brought by an employee for double compensation under G. L. c. 152, § 28, on the ground that he was injured by reason of the serious and wilful misconduct of a person regularly entrusted with and exercising powers of superintendence.  The employee was injured on September 11, 1922, while in the employ of the Grocers Baking Company, and has since been paid compensation for total incapacity for work.  It is the contention of the claimant that his injuries were received by reason of the serious and wilful misconduct of one Bailey, another employee of the Grocers Baking Company, and that Bailey was regularly entrusted with and was exercising powers of superintendence at the time of the accident.

The single member of the Industrial Accident Board found that Bailey at the time the claimant was injured was a " 'route foreman' employed by the subscriber, that it was Bailey's duty to instruct Durgin 'as to the business of running the route, the prices of bread and how to make

out receipts and bills and the general business of running a wholesale route' "; that on the day of the accident Bailey was "breaking in" Durgin on a route in Lynn; that they drove to Lynn in an automobile truck owned by the subscriber and operated by Bailey; that after going over the route and making known to Durgin the customers and instructing him as to his duties, they were returning when the accident occurred; that Durgin was an experienced operator of automobiles, he had driven several trucks and was familiar with their operation, and that he needed no instructions in this respect from Bailey and that the latter gave him none; and that Bailey was not exercising the power of superintendence over Durgin at the time of the accident.

The single member also found that, while the truck, still operated by Bailey with Durgin on the seat beside him, was on the way back to the subscriber's plant, in Roxbury, and was proceeding along Chelsea Street, in Charlestown, and had reached the intersection of that street with Vine Street, it came into collision with an automobile truck of the Merchants Towel and Supply Company as it came out of Vine Street; that thereafter Bailey lost control of his machine and it "shot diagonally across the street to the left and collided with an automobile coming in the opposite direction"; that Durgin was crushed between the last named automobile and that of the subscriber.

Although the single member found that Bailey violated G. L. c. 90, §§ 14, 17, relating to the operation of motor vehicles on public ways, he also found that the claimant's injuries were caused by the combined negligence of Bailey and the driver of the machine owned by the Merchants Towel and Supply Company; that the negligence of the latter consisted in attempting to turn into Chelsea Street at a sharp angle instead of keeping to the right of the centers of the two streets before turning to the left; and that Bailey was operating his machine at such a rate of speed that he was not able to control it after the first collision. It is found that the claimant's injuries resulted from violation by Bailey of the statutes regulating the operation of motor vehicles, and by the negligence of the operator of the car of the

Merchants Towel and Supply Company, but that such violations were not gross and wanton; that Bailey did not intend to injure Durgin and did not grossly, wantonly or recklessly expose him to injury. It is found as a fact that Bailey's conduct in the operation of the automobile did not constitute anything more than ordinary negligence, and on that ground the claim for double compensation was dismissed. The Industrial Accident Board on review affirmed and adopted the findings of the single member.

Upon consideration of the evidence a finding of serious and wilful misconduct on the part of Bailey would not have been warranted. The finding that Bailey was not regularly entrusted with and exercising powers of superintendence at the time of the accident was fully justified. It could have been found that he was directed merely to instruct the claimant respecting the nature of the work he had been employed to perform; that Durgin was familiar with the operation of the automobile, and received no instructions of that nature and needed none; and that the relation between Bailey and the claimant was merely that of fellow employees. *Buckley* v. *Dow Portable Electric Co.* 209 Mass. 152, 154.

If it be assumed that the conduct of Bailey in the operation of the automobile was negligent, that alone is not sufficient to entitle the claimant to double compensation under the statute. Negligence and serious and wilful misconduct are entirely different in kind. The latter "involves conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." *Burns's Case,* 218 Mass. 8, 10. *Riley's Case,* 227 Mass. 55, 56, 57. *Beckles's Case,* 230 Mass. 272, 274. *Prondecka* v. *Turners Falls Power & Electric Co.* 241 Mass. 100, 102.

*Decree affirmed.*