SAMUEL SILVER'S (dependent's) CASE.

Suffolk.    January 17, 1927. — June 14, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Workmen's Compensation Act,* Serious and wilful misconduct of employee,
Findings by Industrial Accident Board, Appeal.

An experienced roofer, employed by a corporation insured under the pro-
visions of the workmen's compensation act, when no one superior to
him in his employment was present, violated rules and regulations,
issued by the department of labor and industries for the prevention
of accidents in building operations, by working on a roof fifty-five feet
above the ground without a staging or scaffold.   He had been directed
to erect a staging and materials therefor had been supplied to him.
Instead, he used a rope through which he hooked his leg and persisted
in such method even after his helper objected and stated that he wanted
staging; and he threatened the helper that he would send him home
if he did not keep on with the work.   His and his helper's heads un-
expectedly came in contact as they were working toward each other,
and he fell and was killed.   At a hearing of a claim for compensation
under the act there was evidence that such a method of working was
not unusual where the workman was in a hurry and was "an old hand
at the roofing game."   *Held,* that, under G. L. c. 152, § 27, such con-
duct as a matter of law was serious and wilful misconduct and precluded
recovery of compensation.

CERTIFICATION to the Superior Court under the provisions
of the workmen's compensation act of a decision by the In-
dustrial Accident Board awarding compensation to the widow
of Samuel Silver, who suffered personal injuries resulting in
his death while he was employed by Thomas J. Hind Com-
pany.

In the Superior Court, the case was heard by *Cox,* J.   Ma-
terial facts are stated in the opinion.   By order of the judge,
a final decree was entered awarding compensation.   The
insurer appealed.

*J. F. Scannell & E. E. Andrews,* for the insurer, submitted
a brief.

*J. H. Baldwin,* for the claimant.

WAIT, J.   This is an appeal by the insurer from a decree
entered in accordance with a decision of the Industrial

Accident Board reviewing and affirming an order of a single member which awarded compensation for the death of Samuel Silver. The report shows that Silver, an experienced roofer, was fastening a section of metal gutter to the edge of a flat roof where, for a distance of about sixteen feet between the sides of a penthouse and the outer edge of the gutter, he had a space only about thirteen inches wide on which to work. He was fifty-five feet above the ground. He had been directed to put up a staging from which to work on this part of the roof. The brackets and planks for the staging had been supplied to him, and he had said that he would use them. The rules and regulations for the prevention of accidents in building operations, issued by the department of labor and industries, forbid any person engaged in the erection, alteration or repair of any building to begin the erection, alteration or repair of any part of the building more than twenty feet above the ground level until a suitable staging or scaffold has been put up. Instead of putting up a staging, which would have taken about an hour of the time of himself and his helper, Silver placed a rope about the penthouse in such manner that a workman could hook his arm or leg about it, to be used as a safeguard. Silver ordered his helper to work with him in the narrow space, and, when the man objected because it was unsafe and he wanted the staging, threatened to send him home if he did not obey. The two were fastening the dogs which hold the gutter in place, working toward each other from opposite ends of the penthouse, resting on their knees, each with a leg around the guard rope, when their heads came together suddenly. Silver went over the edge, lost his contact with the rope and fell to the ground. The helper, supported by the rope, managed to maintain himself on the roof. No one in the insured's employ superior to Silver was present.

There was testimony that such a method of working was not unusual where workmen were in a hurry, or were like Silver who was described as "an old hand at the roofing game"; that "it was the ordinary custom — it was not an extra hazard."

The insurer contends that G. L. c. 152, § 27: "If the employee is injured by reason of his serious and wilful misconduct, he shall not receive compensation," precludes recovery here. It has been assumed that this section applies in cases of death. *Harbroe's Case*, 223 Mass. 139, 141. *Nickerson's Case*, 218 Mass. 158. In the latter case it was held that mere disobedience of orders does not necessarily constitute serious and wilful misconduct which will bar recovery: but the opinion points out that the disobedience was not wilful, that is, "deliberate, not merely a thoughtless act on the spur of the moment."

In the case before us there was deliberate failure to perform the work in the method prescribed, persisted in after attention had been called to it and objection made by the helper, which subjected not only Silver but the helper to greater risk of injury or death. Such misconduct is both serious and wilful. The court is bound by the determination of fact made by the Industrial Accident Board, but "where . . . all the evidence is reported, whether it is sufficient to warrant such conclusion is a question of law." *Riley's Case*, 227 Mass. 55, 57. Our decisions are clear that serious and wilful misconduct of an employer, under G. L. c. 152, § 28, "is much more than mere negligence, or even than gross or culpable negligence. It involves conduct of a *quasi* criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." *Burns's Case*, 218 Mass. 8, 10. Failure to comply with statutory requirements has been held insufficient. *Riley's Case, supra. Beckles's Case*, 230 Mass. 272. *Sciola's Case*, 236 Mass. 407. *Durgin's Case*, 251 Mass. 427.

. The disregard of the regulation of the department of labor and industries, taken by itself, is not sufficient to establish misconduct. In *Randolph's Case*, 247 Mass. 245, this court refused to hold unwarranted in law a finding of the board that an order to a servant to put his hand in a moving machine in order to clean it, was serious and wilful misconduct of the foreman, and said "the misconduct of the foreman was serious, in view of the grave and dangerous

injury which was likely to result from it, and was wilful, because with knowledge of the danger and the probable consequences, the order was given, with the intention that it should be carried out." This language applies in the case before us. The ruling, in the opinion of a majority of the court, should have been that as matter of law the facts of the case before us require a finding that Silver was injured by reason of his serious and wilful misconduct.

It follows that the decree must be reversed, and a new decree be entered in favor of the insurer.

*So ordered.*