FRANK W. LEE's (dependent's) CASE.

Suffolk.    December 15, 1931. — May 23, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Findings by Industrial Accident Board, Appeal.

A single member of the Industrial Accident Board, hearing a claim for compensation under the workmen's compensation act by the dependent of a deceased employee, stated in his decision: "I rule that the deceased was not in the course of his employment and that the petition for compensation must be denied on that ground . . . as an additional reason for denying the claim . . . I further rule and find that the injury did not arise out of the employment of the deceased with the subscriber. The additional reason . . . becomes material only in the event of it being hereafter determined that the finding that the deceased was not an employee is found to have been erroneous." The board in review affirmed and adopted the findings by the single member. Upon certification to the Superior Court, a judge in ordering a decree in accordance with the decision by the board, stated: "I interpret the record

as showing that the single member made both a finding and a ruling that the injury did not arise out of the employment and that he made a ruling that the injury did not arise in the course of the employment, though the ruling last mentioned is referred to by him as a 'finding' in the last . . . [sentence] of his decision." *Held*, that such interpretation of the record by the judge was correct.

Although findings of fact by the Industrial Accident Board in proceedings under the workmen's compensation act are final if there is any evidence to support them, the questions, whether inferences drawn by the board from the facts are reasonable and warrant the conclusion of the board, are questions of law which may be reviewed by this court upon appeal from a decree entered in the Superior Court.

Where it appeared in proceedings under the workmen's compensation act that one employed by the subscriber was killed while riding toward his home, after the close of his work for the day, in a truck owned by the subscriber, and that he was so riding with the subscriber's consent, but it did not appear that he had a right to such conveyance as an express or implied term of his contract of employment, his death did not arise out of and in the course of his employment within the provisions of the act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board denying compensation.

Material evidence before a single member of the board is stated in the opinion. In his decision he stated as follows, in part:

"In other words, I rule that the deceased was not in the course of his employment and that the petition for compensation must be denied on that ground.

"Aside from that and as an additional reason for denying the claim, if material, I further rule and find that the injury did not arise out of the employment of the deceased with the subscriber. The additional reason for denying the claim as set forth in this paragraph becomes material only in the event of it being hereafter determined that the finding that the deceased was not an employee is found to have been erroneous."

The board in review affirmed and adopted the findings by the single member. In the Superior Court, *Qua*, J., in ordering a decree in accordance with the decision by the board, stated as follows:

"I interpret the record as showing that the single member made both a finding and a ruling that the injury did not arise out of the employment and that he made a ruling that

the injury did not arise in the course of the employment, though the ruling last mentioned is referred to by him as a 'finding' in the last clause of his decision. The reviewing board affirms and adopts the findings and decision of the single member and construes that decision as importing findings that the injury did not occur in the course of or arise out of the employment. Whether or not the rulings of law made by the single member and affirmed by the board are correct, the case comes before me with a finding of the single member, affirmed and adopted by the reviewing board, to the effect that the injury did not arise out of the employment. It is possible that the evidence might have supported a finding the other way, but it does not require it, and the finding that the injury did not arise out of the employment must stand."

Such a decree was entered. The claimant appealed.

*W. P. Murray*, (*J. J. Krohn* with him,) for the claimant.

*J. F. Scannell & E. E. Andrews*, for the insurer, submitted a brief.

PIERCE, J. This is an appeal from a decree of the Superior Court denying compensation to Elizabeth B. Lee and children, alleged dependents of Frank W. Lee, deceased. The case came before the Industrial Accident Board upon a claim, filed December 15, 1930, in which it is set forth that on October 27, 1930, on the Lynn Marsh Road, an automobile accident occurred which resulted in the death of Frank W. Lee, who at that time was in the employ of Brooks & Sprague, Inc. The case was heard by a member of the Industrial Accident Board, and thereafter, on a claim for review, by the reviewing board. The report of the single member contains all the material evidence. The reviewing board upon all the evidence affirmed and adopted the findings and decision of the single member, under which it is found that the decedent's injury did not occur in the course of or arise out of his employment, and dismissed the claim.

At the hearing in the Superior Court the trial judge interpreted the record as showing that the single member made both a finding and a ruling that the injury did not arise out

of the employment, and that he made a ruling that the injury did not arise in the course of the employment, though the ruling last mentioned is referred to by him as a finding. We think the interpretation thus given to the record is right.

The claimant admits that the finding of the Industrial Accident Board on questions of fact are final and cannot be set aside if there is any evidence to support them. She further admits that the findings of the single member, being affirmed by the board, must be taken to be the board's finding, *Burns's Case*, 266 Mass. 516, but as all the material evidence is contained in the report, contends that, while the facts themselves cannot be inquired into, the question whether the inferences to be drawn are reasonable and warrant the findings is a question of law which may be reviewed by this court. The position taken is sound and finds support in the decisions of *Donovan's Case*, 217 Mass. 76, 77, *Buckley's Case*, 218 Mass. 354, 355, *Sanderson's Case*, 224 Mass. 558, 561, *Riley's Case*, 227 Mass. 55, 57, and *Silver's Case*, 260 Mass. 222, 224.

The single member found that this claim arises out of the death of the claimant's husband who worked for the subscriber; that at the time of the injury he was riding between Lynn and Revere in a truck, owned by the subscriber used in its business, which was being driven by the man whose job it was to handle the truck, and who at the time was taking it home after the day's work in Lynn to the place where it was garaged in Cambridge; that the employee was riding on the truck from a point in Lynn to a point in Revere where he would have alighted from it and walked to his home in Beachmont.

The testimony of Brooks, the president of the employer, by reference incorporated in the report of the single member, discloses, in substance, that the employee's hours of labor were until five or six at night although he seldom got through at that time; that he was subject to call at any time; that in connection with the business a motor truck was used which was operated by several different men; that he knew that Lee rode upon that truck at

various times, several times, knew that he rode home several times; that he had his consent to ride at any time; that "Lee did not pay anything for that privilege"; that "the situation was that Lee was going home. There was no arrangement; Lee just happened to ride the same as anybody else, as any of the men who were there when the truck happened to be going"; that at no time did witness agree to furnish Lee with transportation. He further testified "that when Lee was riding home he was dressed up to go home, was not in [his] working clothes. He was in the employ of the owner of the truck. He would expect him to take hold, in case of breakdown, a little more than a stranger. It was an additional help in that situation to the car owner to have Lee on hand."

The claimant and the insurer rely upon *Donovan's Case*, 217 Mass. 76, 78, where it is stated that "the rule has been established, as we consider in accordance with sound reason, that the employer's liability in such cases depends upon whether the conveyance has been provided by him [the employer], after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of that contract." Without an attempt to analyze all the evidence or to determine whether the single member and the reviewing board might reasonably have inferred that Lee as an incident of his employment had a right to transportation to the neighborhood of his home when the truck was going that way at the close of the day's work, we are of opinion that the claimant has not sustained the burden which was upon her of establishing that there was such an implied contract, with the result that she has also failed to prove that the accident and injury came upon the employee during the course of his employment.

*Decree affirmed.*