### JAMES J. MCCARTHY'S (dependent's) CASE.

Franklin.    September 22, 1943. — October 28, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Workmen's Compensation Act*, Serious and wilful misconduct of employer;
Procedure: findings by Industrial Accident Board. *Evidence*, Presumptions and burden of proof.

An appeal from a decree of the Superior Court entered in a proceeding
under the workmen's compensation act in accordance with a decision
by a reviewing board which adopted the findings by a single member
except his finding that the employer had been guilty of serious and
wilful misconduct, found that he had not been so guilty, and denied
the claimant double compensation, presented to this court the question
whether the board's finding was wholly unwarranted on the evidence or vitiated by error of law, not the question whether there was
evidence of such misconduct.

The burden is upon a claimant in a workmen's compensation proceeding
to establish a claim that the employer was guilty of serious and wilful
misconduct; and a finding that such burden had not been sustained
was not unwarranted where it appeared that the employee, an experienced and capable lineman, met his death while working on a pole
supporting electric wires with a current of over seven hundred fifty
volts to which the employer had directed him to go without a helper
and disconnect a pothead, and that a rule of the employer provided
that "service or trouble men shall have with them a helper or assistant whenever the work involves live conductors in excess of seven
hundred fifty volts."

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board finding that the employer was
not guilty of serious and wilful misconduct, and denying a
claim for double compensation.

The case was heard by *Warner*, J., and a decree was entered in accordance with the board's decision. The claimant
appealed.

*M. J. Levy*, for the claimant.

*H. W. Brown*, for the employer.

RONAN, J.   This is an appeal from a final decree, entered
in the Superior Court, denying a claim for double compensation on account of the death of the employee, an experienced and capable lineman. The employee, while working
at eight o'clock on a pleasant morning in September, 1941,

upon a pole about thirty-five feet high, which had two cross arms and supported numerous wires, cables, insulators, switches and disconnecting points called potheads, some of which carried electrical current of forty-six hundred volts, came in contact with one of these conductors, receiving a burn and causing him to be thrown from the pole or to lose his grip and fall, so that his death, which occurred soon thereafter, resulted from the contact or fall, or from both. The employee had been ordered to go to this pole by the employer's assistant superintendent and "disconnect a pothead." A pothead is a porcelain bar through which the end of a cable runs into a receptacle where the end of the cable comes in contact with another cable. The flow of electricity from one of these cables to the other is interrupted by pulling out the pothead. At the time of the accident the employer had a rule which provided that "Service or trouble men shall have with them a helper or assistant whenever the work involves live conductors in excess of 750 volts." The claimant contends that sending the employee to make this disconnection without an assistant was contrary to this rule, and that the violation of the rule constitutes serious and wilful misconduct upon the part of the employer. The single member found that there was a causal connection between the violation of the rule and the death of the employee and ordered payment of double compensation. The reviewing board adopted the findings made by the single member relative to the employment of the decedent and to the events leading up to his injury, but refused to adopt his decision in so far as he found that the employer was guilty of serious and wilful misconduct in respect to the employee's injury. The board found that "Notwithstanding that there was a supposed violation of a rule" the claimant had "not shown affirmatively that there was any intention upon the part of the employer, or one exercising superintendence in its behalf, to bring about the employee's injury and death, and that there has not been in this case that wanton and reckless disregard which must be shown to constitute serious and wilful misconduct under G. L. (Ter. Ed.) [c. 152] s. 28 as amended." The

board found and ruled that the claimant was not entitled to double compensation.

The claimant in order to recover double compensation under G. L. (Ter. Ed.) c. 152, § 28, as amended by St. 1934, c. 292, § 2, on account of serious and wilful misconduct on the part of the employer, must show "much more than mere negligence, or even than gross or culpable negligence. It involves conduct of a quasi criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." *Burns's Case*, 218 Mass. 8, 10. *Riley's Case*, 227 Mass. 55. *Beckles's Case*, 230 Mass. 272. *Sciola's Case*, 236 Mass. 407. *Durgin's Case*, 251 Mass. 427. *Silver's Case*, 260 Mass. 222. *West's Case*, 313 Mass. 146. Whether an employer is guilty of such misconduct is ordinarily a question of fact. *Nickerson's Case*, 218 Mass. 158. *Sciola's Case*, 236 Mass. 407. *O'Connor's Case*, 244 Mass. 445. The finding of the reviewing board that there was no such conduct entirely superseded the finding of the single member, which thereafter became of no binding force and effect. *Ricci's Case*, 294 Mass. 67. *Demetrius's Case*, 304 Mass. 285. *Indrisano's Case*, 307 Mass. 520.

The question on this appeal is not whether there was evidence of serious and wilful misconduct, but whether the finding of the board that such misconduct was not established was wholly unwarranted or vitiated by error of law. *Silver's Case*, 260 Mass. 222. *Beckford's Case*, 268 Mass. 221. *Lopes's Case*, 277 Mass. 581. *McGowan's Case*, 288 Mass. 441. *Schenck's Case*, 293 Mass. 526. *Lazarz's Case*, 293 Mass. 538. *Mozetski's Case*, 299 Mass. 370.

The burden of proof was on the claimant to show that she was entitled to double compensation. The board found that that burden had not been sustained. This finding was not unsupported by the evidence. It was not contrary to law. It cannot be disturbed on this appeal. *Sponatski's Case*, 220 Mass. 526. *Di Giovanni's Case*, 255 Mass. 241. *Johnson's Case*, 279 Mass. 481. *Ricci's Case*, 294 Mass. 67. *West's Case*, 313 Mass. 146.

*Decree affirmed.*