STEPHEN DIADUK's (dependents') CASE.

Hampden. April 3, 1957. — May 3, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Evidence*, Judicial notice. *Workmen's Compensation Act*, Serious and wilful misconduct of employer.

This court, in a workmen's compensation case in which the claimant sought double compensation under G. L. (Ter. Ed.) c. 152, § 28, as appearing in St. 1943, c. 529, § 9, on the ground that the employee's death was caused by "serious and wilful misconduct" of his employer, declined to take judicial notice of a regulation of the department of labor and industries, division of industrial safety, made pursuant to c. 149, § 6, as amended, a violation of which by the employer was relied upon by the claimant to establish such misconduct but which was not introduced in evidence before the Industrial Accident Board, although the board took judicial notice thereof; and, in the absence of such regulation, there being no evidence before this court that the employee's death was caused by such misconduct, a final decree of the Superior Court denying the claim for double compensation was affirmed.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Macaulay*, J.

*Thomas L. Goggin*, for the claimant.

*Robert A. Gelinas*, for the insurer.

COUNIHAN, J. This is an appeal from a final decree entered in the Superior Court denying a claim for double compensation on account of the death of an employee. The claimant, who is the widow of the deceased, filed the claim on behalf of herself and her two minor children. She contends that the employee's death was caused "by reason of the serious and wilful misconduct of an employer or of any person regularly intrusted with and exercising the powers of superintendence." G. L. (Ter. Ed.) c. 152, § 28, as appearing in St. 1943, c. 529, § 9. The claimant relies upon a violation of § 147 of bulletin numbered 12 of the regulations of the department of labor and industries, division of industrial safety, made pursuant to G. L. (Ter. Ed.) c. 149, § 6, as amended. This regulation apparently relates to the use of safety devices in the demolition of structural steel beams used in the construction of buildings.

The deceased employee was a foreman for the Shor Construction Company and in charge of the operations in demolishing a building in Springfield when a steel beam fell on him on January 5, 1955, as a result of which he died.

The single member found that the employee's death was caused "by negligence and disregard of the existing regulations on the part of the employer; that the disregard of said regulations was not such as to constitute serious and wilful misconduct nor wanton or reckless disregard of its probable consequences." He dismissed the claim. Upon a claim of review the reviewing board affirmed and adopted the findings and decision of the single member and denied the claim. The single member and the reviewing board took judicial notice of the regulations of the division of industrial safety. *Sciola's Case*, 236 Mass. 407, 414.

In her brief the claimant has laid stress upon these regulations, but a close examination of the record fails to disclose that these regulations were introduced in evidence at the hearing before the single member. It is true that mention

was occasionally made of such regulations but at no time were they formally placed before the single member "by some one of the recognized methods by which facts may be agreed upon or evidence introduced." We cannot take judicial notice of such regulations. *Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20, 27. *Mastrullo* v. *Ryan,* 328 Mass. 621, 622. In the absence of these regulations there was no evidence before us that the death of the employee was caused "by reason of the serious and wilful misconduct of . . . [the] employer."

We think that we ought to say, however, that even if the regulations were properly before us the findings of the reviewing board would have to be sustained. *Burns's Case,* 218 Mass. 8, 10. *Scaia's Case,* 320 Mass. 432.

The question whether an employee's death was caused "by reason of the serious and wilful misconduct of an employer" is one of fact. *Sciola's Case,* 236 Mass. 407, 414. "The burden of proof was on the claimant to show that she was entitled to double compensation. The board found that that burden had not been sustained. This finding was not unsupported by the evidence. It was not contrary to law." *McCarthy's Case,* 314 Mass. 610, 612. *Herrick's Case,* 217 Mass. 111.

*Decree affirmed.*