Filed June 21, 1894.

———————◆———————

No. 1,076.

THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILWAY COMPANY *v.* JUDD, ADMINISTRATOR.

PLEADING.—*Complaint. — Personal Injury. — Willfulness, When Sufficiently Charged.—Tort.*—General allegations charging a willful or intentional injury are sufficient to withstand a demurrer, and where one recklessly, and without regard to consequences, inflicts an injury which he might have avoided, such conduct will imply a willingness or willfulness.

RAILROAD.—*Engineer, Duty of when Approaching a Person Upon the Track.—Presumption.*—If a locomotive engineer sees a person on the track ahead of his approaching train, the engineer may act on

the presumption that such person possesses ordinary capacity, and that, as the train approaches, he will step aside and avoid being run over, and the engineer may act upon this presumption until he is, in some manner, advised, or sees, that such person is unconscious of his peril or is disabled so that he can not protect himself and avoid injury.

From the Bartholomew Circuit Court.

*S. Stansifer*, for appellant.
*M. Hacker* and *C. F. Remy*, for appellee.

Ross, J.—The appellee sued the appellant to recover damages for the death of one Jesse Davis, who was killed while crossing appellant's track, being struck by one of its passenger trains.

There were three paragraphs of the complaint, each of which was held good on demurrer. The appellant answered by a general denial, but before going to trial the appellee dismissed as to the first paragraph of his complaint. Upon the trial there was a verdict for the appellee in the sum of $1,000, upon which the court rendered judgment.

The first errors assigned in this court call in question the sufficiency of the facts alleged in the second and third paragraphs of the complaint to state a cause of action. The substance of the second paragraph is as follows: "That said line of railway passes through and across the incorporated town of Jonesville, in said county and State; that on the 18th day of March, 1892, and for many years prior thereto, the defendant, in addition to said main line of railway running through and across the town of Jonesville, controlled, owned, and maintained, and now owns, controls, and maintains a switch track on the west side thereof, running parallel with said main track, a distance of — feet away; that said line of railroad and said switch track adjacent thereto run through said town of Jonesville in a north and south direction; that

the defendant company, on said day, and for many years prior thereto, owned, controlled, and maintained, and now owns, controls, and maintains a passenger depot, and platform adjacent thereto, at said town of Jonesville; that said depot platform is situated adjacent to said railroad, on the east side thereof, about midway between the north and south boundaries of said town; that said main track of railroad from said depot southward for a distance of one hundred and fifty yards, and within the corporation of said town of Jonesville, was, on the 18th day of March, 1892, and for many years prior thereto, in general and constant and habitual use as a public highway for foot passengers going *to and from said depot,* and that said usage had at all times been known and acquiesced in by the defendant; that by reason of such general, constant, and habitual use of said part of said railroad track as a public highway for foot passengers *going to and from said depot,* and that such usage had at all times been known and acquiesced in by the defendant, the public was on said day, and for many years prior thereto, licensed to use said part of said railroad as such highway by defendant company; that on the 18th day of March, at — minutes past nine o'clock in the forenoon, a gravel train, controlled, owned and operated by defendant, was standing on the aforesaid switch track. The engine of said gravel train facing southward was standing about sixty-five yards south of said depot platform, and was in charge of servants in the employ of defendant; that at said time one Jesse Davis was walking northward along and over the center of defendant's said main line of railroad about sixty-five yards south of said depot platform; that said Jesse Davis was rightfully and lawfully a footman at said point on said railroad by reason of the aforesaid license from defendant company; that while said Davis was walking on said track facing northward

as aforesaid, the regular passenger train from the south, consisting of a locomotive, a baggage car and three coaches, and controlled by defendant's servants, came towards said Davis, and within 300 yards of said Davis the engineer of said passenger train saw said Davis walking on said track, as aforesaid, and blew the whistle, and blew it several times, but the escaping steam and noise of the engine of the aforesaid gravel train standing on said switch track as aforesaid, was making so much noise that said Davis was prevented from hearing said whistle by said passenger train engineer; that the said engineer of said passenger train, with the use of ordinary care, might have seen, and did see, the gravel train engine on the side track as aforesaid, and that the said passenger train engineer, with the use of ordinary care, might have known, and did know, that said Davis did not hear, and could not have heard, the whistling and danger signals of said passenger train engineer; that said Jesse Davis, not knowing of said train approaching from behind, continued to walk on the track as aforesaid, and defendant's servants, with a reckless disregard of consequences, failed and refused to slow up said train, and with a reckless disregard of consequences, wantonly and recklessly and willfully run its engine, or locomotive, over, upon, and against the said Jesse Davis, and the said Jesse Davis was then, there and thereby killed, and all without any fault whatever on the part of said Jesse Davis.''

And the third paragraph is as follows: ''For third and additional paragraph of complaint, the plaintiff, Daniel Judd, administrator of the estate of Jesse Davis, deceased, complains of the defendant, the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, and says that the defendant is a corporation duly organized under the laws of the State of Indiana, and doing business

under the laws of the State of Indiana; that said defendant controls, owns, and operates a line of railway extending from Indianapolis, in Marion county, to Jeffersonville, in the county of Clark, in said State, and passing through the county of Bartholomew, in said State; that said line of railroad passes through and across the incorporated town of Jonesville, in said county and State; that on the 18th day of March, 1892, and for many years prior thereto, the defendant, in addition to its said main line of railroad running through and across the town of Jonesville, controlled, owned, and maintained, and now owns, controls, and maintains a switch on the west side thereof, at a distance of —— feet away; that said line of railroad, and said switch track adjacent thereto, run through said town of Jonesville in a north and south direction; that defendant company on said day, and for many years prior thereto, owned, controlled, and maintained, and now owns, controls, and maintains a passenger depot and platform adjacent thereto, at said town of Jonesville, and said depot platform is situated adjacent to said railroad on the east side thereof, and about midway between the north and south boundaries of said town; that said main track of railroad from said depot southward for a distance of one hundred and fifty yards, and within the incorporation of said town of Jonesville, was, on the 18th day of March, 1892, and for many years prior thereto, in general and constant, and habitual use as a public highway for foot passengers going to and from said depot, and that such usage had at all times been acquiesced in by defendant; that by reason of such general, constant and habitual use of said part of said railroad track as a public highway for foot passengers going to and from said depot, and that such usage had at all times been known and acquiesced in by defendant, the public was, on said day and for

218    APPELLATE COURT OF INDIANA,

Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co. v. Judd, Admr.

many years prior thereto, licensed to use said part of said railroad as such highway by the defendant company; that on said 18th day of March, at —— minutes past nine o'clock in the forenoon, a gravel train, controlled, owned, and operated by defendant, was standing on the aforesaid switch track; the engine of said gravel train, facing southward, was standing about sixty-five yards south of said depot platform, and was in charge of servants in the employ of defendant; that at said time one Jesse Davis was walking northward along and over the center of defendant's said line of railroad, about sixty-five yards south of said depot platform, and adjacent to the engine or locomotive of the aforesaid gravel train standing upon said switch track as aforesaid; that at said time the escaping steam of said engine or locomotive of said gravel train was making a loud noise; that the said Jesse Davis was rightfully and lawfully a footman at said point on said railroad by reason of the aforesaid license from defendant company to footmen to use it as a public way; that while the said Davis was walking on said track, facing northward as aforesaid, the regular passenger train from the south, consisting of a locomotive, a baggage car, and three passenger coaches, and controlled by defendant's servants, came towards the said Davis, and when within three hundred yards of said Davis, the engineer on said passenger train saw the said Davis walking on the track as aforesaid; that at said time the said defendant's said servant, the engineer of said passenger train, engine, or locomotive, with ordinary care might have seen, and did see the gravel train engine or locomotive on the side track, with the escaping steam, as aforesaid, and that the said passenger train engineer, with the use of ordinary care, might have known, and did know, that the said Davis could not have heard the noise of the approaching

passenger train; that the said Jesse Davis, not knowing of the said passenger train approaching from behind, continued to walk upon the track, as aforesaid, and defendant's said servant, in charge of said passenger train, engine, or locomotive, with a reckless disregard of consequences, failed and refused to slow up the said engine and train, and refused to sound the danger signal of said engine or locomotive until within one hundred yards of the said Davis, at which time it was impossible, as defendant's servant well knew, to stop said engine or locomotive and train before they reached the said Davis; and with a reckless disregard of consequences the defendant's said servant wantonly, recklessly, and willfully ran said passenger train, engine, and locomotive over, against, and upon the said Jesse Davis, that said Jesse Davis was then and there and thereby killed, and all without any fault whatever on the part of said Davis.

Plaintiff alleges that the said Jesse Davis leaves a widow, Catharine Davis, and two minor children; that deceased was a strong, able-bodied man, and was the sole means of support for the said widow and minor children; that by reason of the wrongful, unlawful killing of the said Jesse Davis, as aforesaid, the said widow of said Davis, and minor children, have been wrongfully and unlawfully deprived of the services and society of said Jesse Davis; that said services and society were of the value of $10,000; that this plaintiff has been appointed and has duly qualified as administrator of the estate of the said deceased.''

Under the allegations of each paragraph of the complaint, the running of the ''engine or locomotive over, upon, and against the said Jesse Davis'' is charged to have been done by the appellant's servants wantonly, recklessly, and willfully, with knowledge of decedent's

unconsciousness of the impending danger, and without any regard for the consequences. We think, so far as any objection has been urged, each paragraph states a cause of action for an intentional injury.

It matters not whether the decedent was a trespasser or a licensee, the appellant had no right to intentionally injure him, hence we need say nothing, in passing upon the sufficiency of either paragraph, relative to the apparent distinction made by counsel of appellant's duty to those on its track, whether there rightfully or as tres-.passers. If appellant's servants knew that the decedent was unconscious of the impending danger in time to have avoided it, and without regard to the consequences made no effort to avoid it, such conduct would virtually imply a willingness or willfulness. The general allegations charging a willful or intentional injury are sufficient to withstand a demurrer.

It is next urged that the court below erred in overruling appellant's motion for a new trial.

The facts, as disclosed by the evidence, and apparently conceded by counsel, are that the appellant's railroad, consisting of a main track, and a side track on the west side thereof, runs from north to south through Jonesville, in Bartholomew county; that it had a passenger station on the east side of its main track, situated about the middle of the town and opposite the side track; that on the 18th day of March, 1892, one of appellant's engines, attached to a work train, was standing on the side track about sixty-five yards south of the station, and that the steam was escaping from the engine, making so much noise that persons walking along the track near to it could not hear a train approaching on the main track; that the decedent was walking north along the main track, as was the custom of persons going to appellant's passenger station, and when near the engine attached to

the gravel train, a regular passenger train on the main track approached from the south, which struck and killed him; that the view of the track south from the place where he was struck was unobstructed for a distance of half a mile; that the decedent was possessed of good sight and hearing, and was a strong, active man of seventy years of age; that the station whistle was blown several hundred yards south of where decedent was killed, and the bell on the engine rung continuously from that time until the train reached the station; that danger signals of the approach of the train were given, but how long before he was struck is uncertain.

The engineer of the passenger train testified that he saw the decedent on the track, and that when he noticed that he did not leave the track, he gave the alarm signals and then applied his air brake and used every available means to stop his train, but the train did not stop until the decedent was struck; that he applied the brakes and made every effort to stop the train as soon as he saw that the decedent did not heed the danger signals; that he supposed decedent would leave the track; and that he had no intention or desire to injure him, but, on the contrary, tried to avoid doing so. This evidence of the engineer is uncontradicted.

As to whether or not the decedent was a trespasser or a licensee on appellant's track need not enter into the consideration of the right to recover in this case, for whether rightfully or wrongfully there, it was his duty to use the senses of sight and hearing to avoid injury, and, failing to do so, must be considered to have brought about his own death, unless the injury was willfully and intentionally inflicted. It has been asserted, and we think rightly, that an engineer of a moving train has a right to presume, until the last moment, that a person walking on the track will leave it in time to avoid being

injured. *Terre Haute, etc., R. R. Co.* v. *Graham*, 46 Ind. 239; *Indianapolis, etc., R. R. Co.* v. *McClaren, Admr.*, 62 Ind. 566; *Terre Haute, etc., R. R. Co.* v. *Graham*, 95 Ind. 286; *Cincinnati, etc., R. W. Co.* v. *Long, Admr.*, 112 Ind. 166; *Palmer* v. *Chicago, etc., R. R. Co.*, 112 Ind. 250; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

"It is to be presumed that a person of mature years will not stand still upon a railway track and deliberately suffer himself to be run down. It is also a presumption that all men are in the possession of their senses, and will exercise ordinary diligence in time of danger to take care of themselves. It is, in accordance with these assumptions, held that when an engineer of a locomotive sees ahead of him a man upon the track, he may presume that the man possesses ordinary capacity, that he can see, and hear, and reason from cause to effect, and that, as a train approaches him, he will step aside and not be run over." Beach Cont. Neg., 394.

An engineer may rely upon this assumption until he is, in some manner, advised, or he sees, that such person is unconscious of his peril or disabled so that he can not protect himself and avoid injury.

"To constitute a willful injury the act which produced it must have been intentional or must have been done under such circumstances as evinced a reckless disregard for the safety of others and a willingness to inflict the injury complained of. It involves conduct which is *quasi criminal*." *Louisville, etc., R. W. Co.* v. *Bryan*, 107 Ind. 51.

Under the facts in this case, there can be no recovery for a willful injury, for the reason that there is no evidence to sustain a verdict upon that theory.

A verdict must stand upon evidence supporting the

case as made by the issues, and can not rest upon mere conjecture, however plausible it may appear.

Judgment reversed, with instructions to grant a new trial.

Filed Mar. 14, 1894; petition for a rehearing overruled June 22, 1894.