ROGERS, J.
 

 This is an action under the Workmen’s Compensation law (Act No. 20 of 1914 and its amendments).
 

 Plaintiff was employed by the defendant company in its shipyard located in the town of Slidell. On October 29, 1921, while he was engaged in “reaming” (i. e., boring holes in steel plates for rivets) on the foundation for a water tower which the defendant company was constructing on its premises, a small particle of steel entered his right eye, resulting in the loss of that organ.
 

 At the time of his injury plaintiff was working approximately 80 feet above the ground, standing on a plank 12 inches wide, with a strong wind blowing.
 

 The suit is for compensation at' the rate of $16.50 a week, being 60 per cent, of plaintiff’s weekly wages, for 100 weeks, or a total of $1,650, less the sum of $300 paid by the defendant company prior to its institution.
 

 The district court rejected plaintiff’s demand, and this judgment was affirmed by the Court of Appeal. The. ease is before this court on a writ of review granted upon plaintiff’s application therefor.
 

 The. defendant company denied liability under the provision of section 28 of Act 20, 1914, reading in part as follows:
 

 “No compensation shall be allowed for an injury caused * * * (3) by the injured employee’s deliberate failure to use an adequate guard or protection against accident provided for him. * * * ” •
 

 Defendant contended, and introduced evidence to support the contention, that under its rules employees engaged in reaming or other work dangerous to the eyes were required to wear goggles, which were ordinarily issued with the tools. Plaintiff admits having worn goggles, which were his own and not issued by the company, on occasions previous to the accident. He testified, however, that he knew of no rule requiring the wearing of goggles, and that no one had told him to use them.
 

 The work in which plaintiff was engaged had been going on for several days. When injured he was working without goggles. He assigns as his reason for so doing the dangerous situation in which he was performing his task, standing on a plank 12 inches wide and 80 feet above the ground with a strong wind blowing. The goggles were constructed with wire gauze at the sides so that the wearer thereof could see only directly in front, making the danger of a misstep and a fall to the ground much greater than the danger of injury to his eyes would be without them.
 

 The Court of Appeal, in dismissing the suit, held that plaintiff, in' failing to wear goggles, had violated the company’s rules, and was guilty of a deliberate failure to use an adequate guard or protection as required by the quoted section of the Workmen’s Compensation Act.
 

 There would be. considerable merit in the position taken by the Court of Appeal if plaintiff had been injured while on the
 
 *187
 
 ground engaged in the usual and ordinary work carried on at the plant of the defendant company, which was that of building and repairing vessels, barges, and railroad cars. But the task in which plaintiff was engaged when the accident occurred was unusual and out of the ordinary class of work carried on in this particular plant. Hie construction of the water tower in question was the first and only job of its kind undertaken by the defendant company.
 

 The evidence shows that plaintiff had been working on the tower foundation for several days prior to the accident; that he had not worn goggles during that time, to the knowledge of his foreman; and that the foreman had not directed him to wear goggles while engaged on that particular job. The foreman doubtlessly realized that plaintiff’s danger was greater with than without the goggles.
 

 We quote from the testimony of plaintiff as follows:
 

 “Q. Did any one else use them” (goggles) “there? A. No, sir; not on that tank. Q. Was your foreman there where you were working? A. No, sir; not at the time I was hurt. Q. At any time when you were drilling or reaming were you told to use goggles? A. No, sir. Q. Was the foreman round on many occasions when you were working? A. Yes, sir; lots of time. Q. He saw you without goggles? A. Yes, sir. Q. Did he ever tell you to wear them? A. He never did.”
 

 This testimony was uncontradicted. The master mechanic Osisine Faciano, in charge of the plant of the defendant company, testified on cross-examination as follows:
 

 “Q. Was there any foreman whose business it was to go up there? A. Yes, sir. Q. Whose was it? ■ A. Charley Snyder.”
 

 And Snyder, the foreman on that particular job, and whose duty it was to ascend to the place where the plaintiff and others were working on the water tower, was not produced as a witness to contradict the testimony given by plaintiff, and which we have heretofore quoted.
 

 It was the duty of the defendant company to have provided a place reasonably safe and suitable for the use of plaintiff in performing the work in question. The place was not safe, and defendant’s representative knew it to be so. It could have been rendered reasonably safe by widening the platform on which plaintiff was compelled to stand while working, or by providing a guard rail or other protection to prevent him from inadvertently moving beyond the edge of the platform and falling to the ground.
 

 It is provided in paragraph 2 of section 28 of Act 20 of 1914 that the burden of proof shall be on the employer who claims exemption for the causes set forth in paragraph 1 of the section which we have heretofore quoted in part.
 

 Defendant has not only not sustained the burden of proof imposed upon him by the statute, but, in our view, he has not brought himself within the terms of the first paragraph of section 28 of Act 20 of 1914. There must be some causal relation between the alleged guard or protection provided and the place where and the manner in which the work is being performed. The law required something more of defendant than that it should have provided, or seen that plaintiff had provided himself, with goggles. It was its further duty to. see that plaintiff was continuously in a position to avail himself of the protection thus afforded, and not be subjected, by the use of goggles, to a greater danger, that of being precipitated to the ground 80 feet below from a platform without guard rail or other protection which had been furnished him by the defendant company.
 

 In the circumstances of this case plaintiff certainly cannot be charged with a “deliberate failure to use an adequate guard or protection against accident provided for him.”
 

 
 *189
 
 For the reasons assigned it is ordered that the judgments of the Court of Appeal and of the district court he annulled and set aside, and it is now ordered that there be judgment in favor of plaintiff, Allen Cochran, and against the defendant, Canulette Shipbuilding Company, Incorporated, in the full sum of $1,350. Defendant to pay all costs.
 

 ST. PAUL, J., dissents.
 

 Rehearing refused by the WHOLE COURT.