## V. E. SPROUSE COMPANY v. RICE.

[No. 15,738. Filed October 14, 1936.]

Donald P. Shinn, for appellant.

Lloyd C. Bryer, for appellee.

CURTIS, J.—This is an appeal from an order of the full Industrial Board awarding appellee compensation for an injury arising out of and in the course of his employment by the appellant. The original award was corrected. That part of the corrected finding and award which is essential to an understanding of this case is as follows:

"And the Full Industrial Board having heard the argument of counsel, having read the evidence and being duly advised therein, now finds that on October 2, 1935, while in the employ of the defendant at an average weekly wage of $21.502, plaintiff suffered an accidental injury which resulted in the loss of the four fingers of plaintiff's right hand back of the metacarpal articulation.

"It is further found by the full Industrial Board of Indiana, by a majority of its members, that said accidental injury arose out of and in the course of plaintiff's employment.

"It is further found that the defendant did not furnish the necessary medical, hospital, nurses and surgical supplies.

"And the full Industrial Board, by a majority of its members, now finds for the plaintiff on Defendant's Special Answer filed herein.

"It is further found that as a result of said accidental injury, plaintiff has suffered a 90 per cent permanent partial impairment to the right hand below the elbow.

## AWARD

"It is therefore considered and ordered by the full Industrial Board of Indiana, by a majority of its members, that there is awarded plaintiff as against defendant, compensation at the rate of $12.83 per week, beginning as of October 9th, 1935, for 180 weeks, deferred payments to be brought up to date, paid in cash and in a lump sum.

"It is further ordered that the defendant shall pay the necessary medical hospital and nurses' services for the first thirty days following the accident."

To the application the appellant filed an answer in

general denial and a special answer which alleged a wilful failure or refusal on the part of appellee to use a safety device provided by the appellant.

The errors relied upon for reversal are: "(1) That the award of the full Industrial Board in said cause is contrary to law. (2) That the facts found by the full Industrial Board in said cause are not sustained by sufficient evidence." The first error assigned is sufficient to present all questions sought to have reviewed.

The immediate facts as to the injury are substantially as follows: That appellee, William A. Rice, sustained an injury on October 2, 1935, while in the employ of the appellant V. E. Sprouse Company; that appellee operated a punch press machine for appellant; that the punch press machine was equipped with a safety device, one for each arm; that at the time of said complained of injury, the appellee had the safety device attached to his left arm but not to his right arm; that the punch press machine came down, striking appellee's right hand, causing four fingers to be amputated.

It is the contention of appellant that under the evidence introduced that there is a conclusive showing of a wilful failure or refusal by the appellee to use the safety device, and that therefore he is not entitled to compensation. Appellant relies upon section 8 of the Workmen's Compensation Act as a basis of his contention. We now quote the pertinent parts of that section.

"Sec. 8. No compensation shall be allowed for an injury or death due to the employee's intentionally inflicted injury . . . his wilful failure or refusal to use a safety appliance . . . the burden of proof shall be on the defendant."

The question of whether or not the appellee wilfully failed or refused to use the safety device was a question of fact to be decided by the board under the evidence in the instant case. A careful reading of the evidence convinces us that there was an

abundance of evidence to sustain the finding of the Board on this question.

It is elementary and needs no citation of authority to the proposition that this court will not disturb a finding of the board upon a question of fact where there is some competent evidence to sustain the finding.

Award affirmed with the usual 5 per cent statutory penalty.