AMERICAN STEEL FOUNDRIES *v.* FISHER.

[No. 16,305.  Filed December 19, 1938.]

*Bomberger, Peters & Morthland,* for appellant.

*Frank E. Keenan,* for appellee.

STEVENSON, P. J.—This is an appeal from an award of the Industrial Board of Indiana by which compensation was granted to the appellee, Alfred Fisher, for a period of one hundred and fifty (150) weeks for injuries alleged to have been sustained by him arising out of and in the course of his employment by the appellant, which resulted in the loss of an eye.

To the petition for compensation the appellant company filed an answer in three paragraphs. The first paragraph was in general denial. The second paragraph of answer alleges that the injury was due to the appellee's wilful misconduct in that he wilfully failed and refused to use goggles furnished by and required by the employer for the protection of his eyes. The third paragraph alleged that the injury resulted solely from the wilful failure and refusal to obey a printed rule of the company which required all workmen to wear goggles over their eyes.

On the issues presented the Industrial Board of Indiana found for the claimant, and against the defendant on its special paragraphs of answer and the claimant was awarded compensation at the rate of $11.42 per week for one hundred and fifty (150) weeks, together with costs and attorney's fees.

From this award the appellant prayed an appeal, assigning as error that the award is contrary to law.

The appellant contends that the evidence in this case conclusively establishes that the appellee was guilty of wilful misconduct in failing to wear goggles, furnished by his company, during the period of his employment, and that he wilfully removed his goggles from over his eyes during his employment, and such misconduct is sufficient in law to bar compensation.

The facts offered in evidence disclose that the appellee was employed by the appellant and on the 15th day of February, 1937, was directing the operation of removing sand from a pit beneath the floor of the appellant's factory. In such operation, a large overhead crane, to which was attached a steel grab bucket, was being used. The place where the operation was being conducted was poorly lighted and the grab bucket apparently had become fast on some portion of the pit and, in signaling to the hoisting engineer, the appellee in an effort to better see conditions in the pit, lifted his goggles from over his eyes to his forehead. At that instant of time the steel cable broke and some foreign object struck the appellee in his eye, causing the loss of sight thereof.

The appellee testified that he was familiar with the rules of the company that required all workmen to wear goggles; that his request to go without them had been refused, and that his goggles had not been off more than two seconds prior to the accident. Other evidence was offered to the effect that immediately following the accident the appellee made statements to other workmen acknowledging his violation of the rule, expressing his regret, and willingness to pay the penalty.

It is the contention of the appellant that under this evidence there is a conclusive showing of a wilful fail-

ure or refusal by the appellee to use the safety appliances and that therefore he is not entitled to compensation. The question whether or not the appellee wilfully failed or refused to wear his goggles was a question of fact to be decided by the board under the evidence before it. *V. E. Sprouse Co.* v. *Rice* (1936), 102 Ind. App. 612, 4 N. E. (2d) 57; *Cunningham Construction Co.* v. *Morgan* (1927), 86 Ind. App. 387, 156 N. E. 524.

A review of the evidence discloses that both the appellee and Leon Gavin, the crane operator, testified that at the instant the bucket became fast on some portion of the pit, the appellee lifted the goggles from over his eyes the better to see into the pit, and immediately the cable broke and some object struck the appellee in the eye.

We cannot say that this testimony shows wilful misconduct on the part of the appellee sufficient to defeat recovery. As was said by this court, "Wilful misconduct means a deliberate purpose not to discharge some duty necessary to safety. It implies obstinacy, stubbornness, design, set purpose, and conduct *quasi* criminal in nature." *General American Tank Car Corporation* v. *Borchardt* (1919), 69 Ind. App. 580, 587, 122 N. E. 433.

There must be shown an intentional disobedience to a strictly enforced rule to support the defense of wilful misconduct. *Indianapolis Light & Heat Co.* v. *Fitzwater* (1919), 70 Ind. App. 422, 121 N. E. 126. We cannot say as a matter of law that what the appellee did in this case amounted to wilful misconduct. This court accordingly will not disturb a finding of the board upon a question of fact where there is some competent evidence to sustain the finding.

The award is affirmed with the usual 5 per cent statutory penalty.