Roy Carrico *v.* State Compensation Commissioner. *et al.*

(No. 9644)

Submitted January 10, 1945. Decided February 13, 1945.

D. E. *Cuppett,* for appellant.
R. D. *Heironimus,* for appellee.

Fox, JUDGE:

Roy Carrico, an employee of Davis Coal & Coke Company, suffered an injury to his left eye on the 11th day of February, 1943, while in the course of his employment and as a result thereof. He applied for compensation and, after a hearing, was given an award, based on a five and one-half per cent disability rating, on April 5, 1944, from which order an appeal was carried to the Workmen's Compensation Appeal Board, which on June 10, 1944, sustained the commissioner. On application of the employer we granted this appeal.

No question is raised as to the extent of the disability. The employer contends that claimant's disability is due to his willful disobedience of rules and regulations of the company, duly approved by the compensation commissioner, and posted according to law. The particular rule in question reads as follows:

> "All employees must wear approved goggles when breaking top, taking up bottom, breaking rock, cutting hitches and holds for crossbars, driving spikes, nails, cutting posts, cutting wedges, setting timber, chipping metals, using emery wheels, using cutting torches, boiler firing, welding, soldering, pressing metal, using blow torches, operating saws, planes, lathes, or while engaged in any other work where flying particles might injure the person or eye,".

The claimant, while not disputing his knowledge of the rule, nor his violation thereof, says, first, that it does not clearly appear from the record that the injury he suffered resulted from his violation of the rule; and, second, in effect, that the rule was not enforced by the employer and was permitted to be violated without penalties, wherefore, it is estopped from now relying thereon.

The facts, as disclosed by the record, are that claimant was engaged in a type of work in which, for his own protection, he was required by the rule aforesaid to wear goggles. At the time of his injury he was, in his own words, engaged in "holding a cutter, coal cutter, cutting

a fish plate", and that another employee was doing the striking, and in some way when the cutter was struck a piece or spall came off the side of the plate being cut and struck claimant in the left eye. Admittedly, claimant was not wearing his goggles, but he had them in one of his pockets at the time. His excuse for not using the goggles was that the work he was doing required good sight, and that when wearing the goggles they warmed up or "steamed up" and impaired his vision. He admitted that he knew of the rule in question, and, further, that he had been warned by his foreman, before and since the accident, not to do that character of work without wearing goggles; and on cross-examination with reference to wearing goggles since the accident, when asked why he had disobeyed the rule, said, "Just on account of that steam getting on my face, that's the reason." He was then asked, "Couldn't you wipe those glasses and get them cleaned off of steam", to which he replied, "You could if you could take time enough to take them off, but, you know, that's very unhandy". He was then asked, "And simply because it's unhandy is that the reason you don't do it", to which he replied, "That's the big fault of it and taking them on and off you can't put them on no time, they will sweat right off if your face is hot." All this shows that his violation of the rule was deliberate and intentional.

In *Carbon Fuel Co.* v. *State Compensation Commissioner*, 112 W. Va. 203, 164 S. E. 27, we held: "Willful violation by an employee of a statute designed for his protection is willful misconduct under Code 1931, 23-4-2, which forbids compensation for an injury caused by such misconduct". We can perceive no reason why this same principle should not be applied to willful disobedience to rules and regulations which have been approved and posted. In passing, it should be stated that the rules and regulations in question are purported to be filed with the evidence, but are not in the record. There is testimony that the rules were posted at the entrance of the mine; that it was customary to furnish a copy to each worker; and that the rules had been approved by the commissioner. There

is no denial of these statements, and claimant himself, by his counsel, puts in the record what purports to be the rule, and which we have quoted above. Apparently, therefore, all questions of the actual existence of the rule, its approval by the commissioner, and the posting at the mine, are eliminated.

There is evidence in the record that the rule was not generally obeyed, but we think it fails to show that the company acquiesced in such disobedience. Therefore, the rule laid down in *Caldwell* v. *Workmen's Compensation Appeal Board*, 117 W. Va. 706, 188 S. E. 122; *McEwan* v. *State Compensation Commissioner*, 123 W. Va. 310, 14 S. E. 2d 914; and *Billings* v. *Compensation Commissioner*, 123 W. Va. 498, 16 S. E. 2d 804, to the effect that willful misconduct in the face of the employer's acquiescence therein does not exclude compensation, is not applicable. The most that is established by the evidence is that employees frequently failed to wear goggles when the rule required them to do so; but that this disobedience to the rule occurred at times when foremen and bosses were absent, and that the foremen frequently called the attention of employees to the rule and insisted on its observance. True, no penalties were ever imposed, but this is explained by the contention of the employer that violation of the rules was not observed by anyone in authority, and naturally, in such circumstances, there could be no basis for penalties.

The pertinent provisions of Code, 23-4-2, as amended by Chapter 104, Acts of 1937, read as follows:

"Notwithstanding anything hereinbefore or hereinafter contained, no employee or dependent of an employee shall be entitled to receive any sum from the workmen's compensation fund, * * * on account of any personal injury to or death of any employee caused by a self-inflicted injury, wilful misconduct, wilful disobedience to such rules and regulations as may be adopted by the employer and approved by the commissioner, and which rules and regulations have been and are kept posted in conspicuous places in and about the work * * *."

This statute was amended by Chapter 104, Acts of the Legislature, 1937, by inserting the word "wilful" before the word "disobedience", as it appears in the above quotation, so that after the amendment, to bar compensation, there must be willful disobedience, and the decisions of our Court with respect to willful misconduct are thereby made applicable. Many cases were decided by this Court prior to the amendment, and a number since. In *Young* v. *State Compensation Commissioner*, 123 W. Va. 299, 14 S. E. 2d 774, we held: "Under Code, 23-4-2, deliberate and intentional violation by an employee of a rule legally promulgated for his protection, constitutes willful disobedience thereof, and will bar such employee from compensation for an injury resulting solely therefrom." To the same effect is *Chiericozzi* v. *Compensation Commissioner*, 124 W. Va. 213, 19 S. E. 2d 590. In view of the 1937 amendment, requiring disobedience to be willful, it was held in the cases cited above that there must be knowledge of the rule on the part of the employee, for the obvious reason that there can be no willfulness without such knowledge. This is also the holding in *Billings* v. *Compensation Commissioner, supra,* and *Stevely* v. *Compensation Commissioner*, 125 W. Va. 308, 24 S. E. 2d 95. The record showing knowledge of the rule, and that claimant's disobedience thereof was deliberate and intentional, it must be held to be willful disobedience, which, under the plain provisions of the statute quoted above, bars compensation.

But it is contended that there was no showing that claimant's injury resulted from his misconduct. It is pointed out that the injury to claimant's eye could have occurred had he been wearing goggles. This is possible. No one can say absolutely that this accident might not have happened had goggles been worn. But is this probable? We know, as a matter of common information, that the wearing of goggles tends to protect the eyes from foreign substances, and, obviously, that was what prompted the rule requiring their use. In all reasonable probability, the wearing of goggles would have prevented the accident,

and the failure to wear them caused it to occur. The possibility that the accident might have occurred had goggles been worn, is not a sufficient basis for the allowance of compensation on the theory that it has not been shown that failure to wear goggles caused the accident. In *Pannell* v. *Compensation Commissioner*, 126 W. Va. 725, 30 S. E. 2d 129, which was a case in which the specific cause of decedent's death could not be shown, we awarded compensation to his dependents on the basis of the probabilities developed by the record, holding that: "Presumptions and probabilities may be relied upon in compensation cases in absence of more satisfactory proof." Here, it not being possible to show exactly what caused the accident, we resort to an effort to find the most reasonable and probable cause, and we conclude that it was caused by the absence of the protection which the wearing of goggles would have afforded, and the failure of the claimant to obey the employer's rule aforesaid. We could, of course, arbitrarily say that the mere possibility that the accident might have occurred had goggles been worn furnishes a sufficient reason for the allowance of compensation, but such a holding, in our opinion, would be out of line with all reasonable probabilities.

The rulings of the State Compensation Commissioner and the Workmen's Compensation Appeal Board are reversed, and this cause is remanded to the compensation commissioner, with direction to dismiss the claim.

*Reversed and remanded with direction.*

LOVINS, PRESIDENT, dissenting:

I disagree with the reasoning in the majority opinion. The rule or regulation allegedly violated by claimant quoted in the majority opinion requires that approved goggles be worn by an employee while engaged in the performance of certain specific tasks so designated at the time of his injury. At that time claimant was engaged in "holding a cutter, coal cutter, cutting a fish plate". The last phrase of the rule reading as follows: "* * * or while engaged in any other work where flying particles might

injure the person or eye," may be applicable to the task which claimant was performing at the time of his injury. But upon analysis of the phrase quoted above it clearly appears that an employee about to engage in a task such as those covered by the quoted part of the rule may exercise discretion in determining whether there will be flying particles and whether such particles will cause "injury to the person or eye". An employee's conduct dictated by the discretion necessarily allowed him by rule or regulation cannot in any sense involve disobedience, wilful or otherwise, of such rule or regulation. In other words the employee, under the only portion of the rule applicable to the work he was doing at the time he was injured, was permitted to decide whether approved goggles should be worn while so engaged. The work in which the employee was engaged at the time of his injury is not specifically designated by the rule which conferred on him the right to exercise his judgment, and though injury resulted in the performance thereof, I do not think his failure to exercise sound judgment amounted to wilful disobedience of the rule adopted by his employer. In my opinion the claimant in this case disobeyed no safety rule, and therefore was guilty of no misconduct, wilful or otherwise.

Having in mind the established rule of liberal construction and application of the Workmen's Compensation statutes, and for the foregoing reasons, I would affirm the orders of the State Compensation Commissioner and the Workmen's Compensation Appeal Board.