Willie M. SALAS, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah, Eaton Metal Products Company and the State Insurance Fund, Defendants.

No. 14493.

Supreme Court of Utah.

May 19, 1977.

---

Michael Shepard, Ogden, for appellant.

Vernon B. Romney, Atty. Gen., Robert D. Moore and James R. Black, of Rawlings, Roberts & Black, Salt Lake City, for respondent.

HALL, Justice.

This is a proceeding to review an order of the Industrial Commission denying a fifteen percent increase in industrial compensation to plaintiff. He was employed by defendant, Eaton Metal Products Company, and rendered a paraplegic when struck by the boom of a crane which slipped from a support.

Plaintiff seeks a reversal of the ruling and urges he is entitled to the increase as a matter of law pursuant to Sec. 35–1–12, U.C.A.1953, or in the alternative, that he be afforded a further hearing before the Commission, having been denied a fair hearing and due process of law.

1. 62 Utah 421, 220 P. 389 (1923).

2. 70 Utah 279, 259 P. 927 (1927).

The claim for increase requires an interpretation of the statutory provisions of Sec. 35–1–12, supra, which reads as follows:

No employer shall construct or occupy or maintain any place of employment that is not safe, or require or knowingly permit any employee to be in any employment or place of employment which is not safe, or fail to provide and use safety devices and safeguards, or fail to obey and follow orders of the commission or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe, and no employer shall fail or neglect to do every other thing reasonably necessary to protect the life, health, safety and welfare of his employees. *Where injury is caused by the willful failure of an employer to comply with the law or any lawful order of the industrial commission, compensation as provided for in this title shall be increased fifteen per cent, except in case of injury resulting in death.* [Emphasis added.]

This court has construed the foregoing statute previously in *Park Utah Mining Co., et al. v. Industrial Commission, et al.,*[1] wherein Justice Gideon speaking for the court observed that the authorities are agreed that negligence alone, or even gross negligence, is not sufficient to constitute "willful failure" or "serious failure" to comply with the requirements of the statute or the orders of the Commission. The term "willful" as employed in the section quoted, considered in connection with the other duties imposed upon the employer, implies something in addition to mere negligence.

The matter was again before the court in *Western Clay and Metals Co., et al. v. Industrial Commission, et al.*[2] and the court cited and relied upon its prior decision in *Park Utah Mining Co. v. Industrial Commission,* supra, and set forth several authorities in agreement.[3]

3. *Wick v. Gunn,* 66 Okl. 316, 169 P. 1087, 4 A.L.R. 107; *Bersch v. Morris & Co.,* 106 Kan. 800, 189 P. 934, 9 A.L.R. 1374; *Nashville, C. & St. L. Ry. Co. v. Wright,* 147 Tenn. 619, 250 S.W. 903.

■ Plaintiff makes no claim that Eaton Metal Products Company (hereafter "Eaton") failed to obey any lawful order of the Industrial Commission but, rather, that in failing to adopt any safety program at all that he is entitled to increased benefits as a matter of law.

The record is void of any evidence that the Industrial Commission ever entered any safety order or even suggested that Eaton's methods of operation were unsatisfactory. Periodic safety meetings were conducted and the division manager was satisfied that the support under the boom was adequate, safe, and free from hazard to anyone. Further, there was no notice from anyone that an actual or potential hazard existed. As was further stated in *Park Utah Mining Co. v. Industrial Commission,* supra:

> Whether the method employed was the best that could or should have been adopted is immaterial; but, in any event, it negatives any willful intent on the part of the superintendent, or the other officers of the company, to wilfully do any act or omit to do any act with a reckless disregard for the safety of the employees.

It is also pertinent to note that Sec. 35–1–12, supra, does not specifically set forth what shall constitute a safety program nor does it require the adoption of a specific safety plan. This is consistent with usual and ordinary statutory provisions which leave the promulgation of standards, rules, and regulations to the administrative agency involved. In this instance, the Industrial Commission has apparently promulgated no such standards, rules and regulations for this particular place of business since the record discloses none.

■ In regard to plaintiff's alleged denial of access to the record, suffice it to say that the same is a public record, available to any and all for the asking, which plaintiff took no action to obtain, and the Commission has no duty to furnish.

■ The fact that the Commission did not have the transcript of the proceedings as part of the record before it when it reached its determination is not deemed crucial to the outcome of this matter, nor is it deemed to be prejudicial to plaintiff. The status of the record before the Commission was such that it adequately supported the determination made, and it was justified in relying upon the findings of the administrative law judge on those matters of notice, hazardous condition, safety order, willfulness, etc. Had a full transcript of the proceedings been available such would undoubtedly have had no effect upon the Commission's ruling, and at most, would be harmless error.

■ Plaintiff's claim of a denial of a full and fair hearing is also unsupported by the record which reveals that plaintiff, without equivocation rested his case in the following language:

> With the inclusion of this report, the employee, Willie N. Salas, will rest his case with all the evidence that is in the record at the present time.

This action on the part of plaintiff reserved no issues for further hearing and on this appeal he cannot be heard to assert he was denied a full and fair hearing.

The issues before the commission were factual in nature and its findings are conclusive and binding upon us, they being supported by competent substantial evidence.

Affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

MAUGHAN, J., concurs in result.

WILKINS, J., does not participate herein.