**VAN WATERS & ROGERS and The Hartford Insurance Company, Plaintiffs,**

v.

**Kenneth R. WORKMAN and The Industrial Commission of Utah, Defendants.**

**No. 20179.**

Supreme Court of Utah.

May 7, 1985.

Patricia Arent Mulhern, Henry K. Chai, II, Salt Lake City, for appellants.

Lynn C. Spafford, Earl Spafford, Salt Lake City, for respondents.

HOWE, Justice:

Plaintiffs Van Waters & Rogers and its insurance carrier, Hartford Insurance Company, seek to set aside an Industrial Commission order denying them a 15% reduction in worker's compensation payable by them to defendant Kenneth R. Workman as a result of an industrial accident. Plaintiffs contend that Workman willfully failed to use safety goggles provided by his employer, Van Waters & Rogers, which resulted in his eye injury being worse than it would have otherwise been, and that the 15% reduction set out in U.C.A., 1953, § 35-1-14 of Utah's Workers' Compensation Act should have been imposed.

On December 13, 1982, Workman delivered a tank trailer of hydrochloric acid to a mine site in Westvaco, Wyoming, for his employer. He arrived at around 10:30 p.m. on a cold windy night. He was wearing his safety face shield when he first attempted to start a compressor mounted behind the cab of his truck. He intended to use the compressor to force the acid in the tank through a discharge pipe and into a hose which he was going to connect to the customer's storage tank. He encountered difficulty in starting the compressor. The shield began to fog with the condensation from his breath. He attempted to work with one hand while raising the shield with

the other. When he found he could not work with one hand, he exchanged his shield for his hard hat and goggles, and continued working for about 20 minutes. The goggles fogged, and the wind tugged at his hat and banged it against the tank. The available light was poor. He ended up trying to hold his hat on with one hand and work with the other. He stated at the hearing that it was "like fixing your lawn mower with the light of a street lamp in zero degree temperature." He returned to the cab of his truck to exchange the hard hat for a stocking hat to shield him from the cold and resumed attempting to start the compressor. He could have removed the goggles from the hard hat and worn them with his stocking hat but did not do so.

Workman finally abandoned starting the compressor. Instead, he then decided to connect the tank to a compressor on site. He first hooked up the discharge hose to the customer's storage tank. Next, he tried to remove the cap from the presumably dry discharge pipe of his own tank. The valve was in the shut-off position. When he loosened the cap, acid under pressure was expelled into his face. It was later determined that the valve was defective and had allowed acid to bypass it and collect in the discharge pipe. One of the plaintiff's witnesses admitted that this was the first time he had ever heard that a cap was removed with incident, and that normally nothing would be expected to come out of the discharge pipe.

An administrative law judge held that Workman's failure to wear the eye goggles was not a willful failure to use safety equipment provided by his employer. The Industrial Commission affirmed. Plaintiffs seek review of that decision.

Section 35–1–14 provides:

Where injury is caused by the willful failure of the employee to use safety devices where provided by the employer, or from the employee's willful failure to obey any order or reasonable rule adopted by the employer for the safety of the employee, or from the intoxication of the employee, compensation provided for herein shall be reduced fifteen per cent, except in case of injury resulting in death.

■ We note at the outset that the question of whether Workman's failure was willful presents an issue of fact on which we defer to a great degree to the Commission's findings and reverse only where they are without foundation in the evidence. *State Tax Commission v. Industrial Commission,* Utah, 685 P.2d 1051 (1984); *Utah Department of Administrative Services v. Public Service Commission,* Utah, 658 P.2d 601 (1983). This Court has not heretofore construed the term "willful failure" as used in section 35–1–14. However, that phrase mirrors language in section 35–1–12 penalizing by a like amount the willful failure of an employer to comply with certain safety requirements. In *Salas v. Industrial Commssion,* Utah, 564 P.2d 1119 (1977), an employer was held not liable for the penalty where there was no "willful intent on the part of the [employer] ... to willfully do any act or omit to do any act with a reckless disregard for the safety of the employees." *Id.* at 1121. (Citing *Park Utah Mining Co. v. Industrial Commission,* 62 Utah 421, 220 P. 389 (1923)). We also noted there that "willful" implied something in addition to mere negligence, and that negligence alone or even gross negligence is not sufficient to constitute "willful failure." This same standard must be used to construe the meaning of the phrase where the employee's act or omission is questioned. Plaintiffs contend that the administrative law judge used the standard, "reckless disregard," in denying the reduction, *e.g.,* "It was not a reckless disregard of the use of safety devices on his part." We do not find that the administrative law judge applied that standard although the above quoted statement appears in an unsigned memorandum decision. The findings of fact signed by the judge reflect that the standard which he employed was "willful and deliberate and

in defiance of the requirement." That standard was proper.

A workable formula in distinguishing willful failure from less culpable conduct is set out in 1A A. Larson, *Workmen's Compensation,* § 32.30 (1982) and § 33.40, respectively:

> ... But the general rule can be stated with confidence that the deliberate defiance of a reasonable rule laid down to prevent serious bodily harm to the employee will usually be held to constitute wilful misconduct, in the absence of a showing of ... specific excuses ....
>
> ....
>
> ... If the employee had some plausible purpose to explain his violation of a rule, the defenses of violation of safety rules or wilful misconduct are inapplicable, even though the judgment of the employee might have been faulty or his conduct rash ....

*See also McKenzie Tank Lines, Inc. v. McCauley,* Fla.App., 418 So.2d 1177 (1982), (citing *Larson, supra*).

 In the instant case, we hold that the administrative law judge's finding that Workman's "act of removing the safety glasses was not willful and deliberate and was not considered by the claimant to be in defiance of the requirement to wear the same" was well founded in the evidence. Workman was unaware that the valve to the discharge pipe was defective and had allowed acid to collect which would gush out when he removed the cap. He could therefore not have anticipated the actual result. More significant, however, is the fact that Workman did wear safety devices, first the shield, then the goggles, in a good faith effort to comply with his employer's rules and the instructions given to him upon entering the job site. Only his inability to accomplish the task in the freezing wind with one hand finally compelled him to exchange the hard hat with the goggles for a stocking cap. While it is true that he could have put the goggles on again over his stocking cap, the judge found that Workman did not do so because the goggles had fogged making it unsafe for him to pursue his work while wearing them. That failure falls short of willfulness and should not be penalized. Similar conduct was held not to be deliberate or willful misconduct in cases cited by Workman, *American Steel Foundries v. Fisher,* 106 Ind.App. 25, 17 N.E.2d 840 (1938); *Cochran v. Canulette Shipbuilding Co.,* 157 La. 184, 102 So. 198 (1924), *General American Tank Car Corp. v. Borchardt,* 69 Ind.App. 580, 122 N.E. 433 (1919). These cases are distinguishable from cases relied upon by plaintiffs, *Carrico v. State Compensation Commissioner,* 127 W.Va. 463, 33 S.E.2d 281 (1945), and *Lobdell Car Wheel Co. v. Subielski,* 32 Del. 462, 125 A. 462 (1924), where the employee either gave no reason for failing to wear safety goggles or gave the reason that it was merely inconvenient. Neither case involved, as here, an employee working alone in inclement weather, late at night, many miles away from his employer's place of business, and who keenly felt an obligation to accomplish the task for which he had been dispatched.

The order of the Industrial Commission is affirmed, with costs awarded to Workman.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.